## DOTY & CO. v. DUVALL.

1. A trial justice's court has no jurisdiction of a motion for a new trial unless the motion is made within five days from the rendering of the judgment. Such inferior court has no inherent power of relieving against its own judgments—its powers are wholly statutory.
2. Section 195 of the code of procedure which authorizes the court in certain cases to relieve a party from a judgment taken against him, does not relate to courts of trial justices.
3. The second part of the code applies only to the Court of Common Pleas, except where express reference is made to the inferior courts.
4. Appeal to the Circuit Court, within the time allowed by law, is the only mode of relief from a trial justice's judgment rendered against a party through his mistake, inadvertence, surprise or excusable neglect.

---

Before WALLACE, J., Fairfield, June, 1882.

This was a motion by Mary A. Duvall for relief against a. judgment obtained against her by W. R. Doty & Co., in a trial justice's court. The opinion states the case.

*Mr. J. H. Rion,* for appellant.

*Mr. A. S. Douglass,* contra.

March 30th, 1883. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. The defendant was sued before a. trial justice; was summoned to appear on August 5th, 1881; went to see her lawyer, but he was absent at the time; and, as she states, supposing that the case would not be tried until the next regular term of the Court of Common Pleas for the county, she. failed to be present before the trial justice on the day named for trial, and judgment was rendered against her by default, although she had a good defense.

On September 5th, thirty days after the rendition of the judg-- ment, the attorney of the defendant, having returned and learned the facts, served notice upon the plaintiff that, on September 10th, he would move the trial justice for an order vacating the judgment for the purpose of having the action tried on its merits. under section 195 of the code. The trial justice refused the motion upon the ground that he had no authority beyond hearing a case, except to hear a motion for a new trial within the time prescribed by law. From this refusal to hear the motion, the defendant appealed to the Court of Common Pleas.

Judge Wallace affirmed the order of the trial justice, and the defendant appeals to this court upon the following grounds: 1. " Because his Honor dismissed the appeal from the court of trial justice. 2. For that his Honor held that there is no statute. giving to a court of trial justice power to grant the motion made in the case. 3. For that his Honor held that the trial justice had no power to vacate a judgment by default and direct a trial upon the merits upon a motion made thirty days after the judgment was rendered."

Considered as a motion for a new trial, there can be no doubt that the trial justice was right in refusing to hear it, for the

reason that sub-division 18 of section 88 of the code, which gives the right to a trial justice to grant such a motion, declares that "no motion for a new trial shall be heard unless made within five days from the rendering of the judgment; *provided,* that the right of appeal from the judgment shall exist for five days after the refusal of a motion for a new trial." This is jurisdictional, and was absolutely mandatory upon the trial justice. *Davis* v. *Vaughan,* 7 *S. C.* 342 ; *Scott* v. *Pratt,* 9 *S. C.* 82 ; *Russell & Co.* v. *Follin, MS. Dec., No.* 729.

It is suggested, however, that the motion was not for a new trial under the statute, but to the court which rendered the judgment, to give relief against said judgment in order to prevent injustice, as it was rendered against the defendant through her excusable neglect, which was claimed to be a common law power possessed by all courts having the right to try cases after summons to the parties. Without disputing the principle which applies to all inferior courts of limited jurisdiction, that all authority claimed must be pointed out in the express law, and nothing can be supplied by intendment, it is insisted that the rule only applies to matters which are jurisdictional in their nature, and that as soon as jurisdiction attaches, these courts have the right, without special authority given, to proceed according to the principles and practice which govern all other courts; and that the amount involved being under $100, it was within this inherent general power for the trial justice to grant the motion.

A judgment, regularly obtained and entered of record, should not be set aside without good cause, according to the established practice, based upon clear and full authority. The framers of the code thought it necessary to declare and define by statute the right to relieve a party from a judgment taken against him through his excusable neglect, even as to the Court of Common Pleas, which has general jurisdiction ; and we cannot hold that a trial justice's court, being of inferior and limited jurisdiction, has such inherent power, without limit of time, as to all cases within its jurisdiction in amount, merely as an incident to the right given by statute to hear and determine them in the first instance.

But, assuming that the trial justice could not exercise the

K

authority claimed without express authority of law, it is insisted that the power was given to him by section 195 of the code of procedure, which provides that " the court may also, in its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect," &c. It is argued that this provision includes " the court " of a trial justice as well as that of the Common Pleas, and the question is, whether that is the proper construction.

Certainly the power is given to " the court " in terms very general without any limitation expressed, and, upon principle, it would seem that the same reason for its exercise, in some form or other, should exist alike as to the proceedings of all courts which have occasion to render judgment after summons to the parties; but we cannot think that this provision was intended to be applied to the court of a trial justice. If such court is included, we do not see why the Court of Probate should not also be included; but that would not be in conformity with the plan of the code, which treats of these inferior courts under separate heads, and, as it seems to us, outside of the chapters which make special provisions for these courts, generally uses the unexplained phrase of " the court," in reference to the Court of Common Pleas, as having general jurisdiction and being the most important.

The code of procedure is divided into two general parts. The first treats " of the courts of justice and their jurisdiction," viz.: the Supreme Court, the Circuit Courts, Probate Court, the courts of trial justices, &c. In regard to the last named, the jurisdiction is expressly given and defined in title 5, and in section 88 in that title it is enacted that " the following rules shall be observed in the courts of trial justices." Among these rules are the following: No. 8 provides " that in case the defendant does not appear and answer, the plaintiff cannot recover without proving his case." No. 15 declares that " the provisions of this code of procedure respecting forms of actions, parties to actions, the rules of evidence, the times of commencing actions and the service of process upon incorporations shall apply to these

courts." No. 17 enacts that "any trial justice's court of this State shall have the power to grant a new trial in any case tried in the said court for reasons for which new trials have usually been granted in the courts of law of this State; *provided, however*, the case shall only be heard and tried anew by the trial justice before whom the case was first tried," &c.

The second part of the code treats "of civil actions." Title I., as to the forms of actions; title II., as to the time of commencing; title III., as to parties; title IV., as to the place of trial; title V., as to the manner of commencing; and title VI., as to "the pleadings in actions." This last title has six subdivisions, or chapters: First, as to the complaint; second, the demurrer; third, the answer; fourth, reply; fifth, general rules of pleading; and sixth, "mistakes and amendments;" and under this last chapter appears the section (195) which, it is contended, embraces "the court" of trial justice as well as of the Common Pleas. It will be observed that the courts of trial justices had been dealt with specially in part I., and their jurisdiction clearly defined.

It seems to us that all the provisions of part II. were intended to apply only to the Court of Common Pleas, except where express reference is made to the inferior courts, which is done in title II., chapter 3, upon the subject of "appeals to the Circuit Court from inferior courts," of which we will speak hereafter. Many of these provisions would be inappropriate to courts of trial justices, and were manifestly not intended to apply to them. Indeed, equivalents in simple form had already been provided for them, and the declaration made in sub-division 15 of section 88, as to what provisions of the code "should apply to these courts," was in effect a declaration that all other general provisions of the code should not so apply. It is a case for the application of the maxim, "*Expressio unius est exclusio alterius.*" As was said in the case of *Brown* v. *Buttz*, 15 *S. C.* 490: "The act defining the civil jurisdiction of trial justices is found incorporated in the code. In this act the jurisdiction of these courts is specially defined and limited."

There is, in the second part of the code, title II., chapter 3, express provision made for the courts of trial justices in regard

to "appeals to the Circuit Court from inferior courts." These are very specific as to the time and manner of taking appeals, as to what matters are appealable, and how the appeals should be heard by the Circuit judge, acting as appellate court. These provisions give the identical relief, by appeal, which was sought here by motion to the trial justice. We think that the relief asked for in this case, by applying to the trial justice to open a judgment rendered by himself, was not in his power to grant under section 195 of the code of procedure; but that the only way to obtain that relief was by appeal, in the time allowed for appeal under sub-division 1, section 368 of the code, which provides as follows: "Upon hearing the appeal (from the judgment of a trial justice) the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects, which do not affect the merits.   *   *   *   If the defendant failed to appear before the trial justice, and it is shown by the affidavits served by the appellant, or otherwise, that manifest injustice has been done, and he satisfactorily excuses his default, the court may, in its discretion, set aside or suspend judgment and order a new trial before the same or any other trial justice, in the same county, at such time and place and on such terms as the court may deem proper," &c.

As we understand it, this view, that the relief can only be granted by way of an appeal from the trial justice court, is not inconsistent with the New York practice. We have not been referred to a case, nor have we been able to find one, in which the relief was granted by the justice himself, on direct application to him. In all the cases where the judgment of the justice has been opened, it seems to have been done by the appellate tribunal. Such was the course in the case of *Wavel* v. *Wiles*, 24 *N. Y.* 635 (10 *Smith*), Court of Appeals, 1862, stated at the bar to be the exact counterpart of the case before us, and confidently relied on by the appellant.

In that case judgment by default was rendered by a justice of the peace. Defendant appealed to the county court, which ordered a new trial. The Supreme Court reversed this. An appeal was then taken to the appeal court of the State, which reversed the judgment of the Supreme Court, leaving in force

the order of the county court directing a new trial, and in doing so used this language : " If in this case the county court had held that it had no power to hear and decide the question of error in fact upon the affidavits, it would have been proper for the Supreme Court to have reversed such decision and remitted the case to the county court for the correction· of such errors. But the county court did act : it heard the application and made the appropriate order, in its discretion, to give relief to the defendant.   It granted a new trial and the defendant was bound to pursue that remedy, otherwise he is remediless so far as relates to any proceeding to review the judgment," &c.   That is to say, the county court, on appeal, had the power to decide the question, and, although it decided wrong in granting a new trial, the defendant was bound to pursue that remedy or have none to review the judgment.

Precisely so in the case before us.   If the application had been made to the Circuit Court (county court in New York) by way of appeal from the judgment of the justice, the Circuit judge would have been bound to decide the question, and his judgment, although wrong, could not have been corrected on appeal to this court.   There was, in one sense, an appeal before the Circuit judge in this case, but it was not an appeal regularly taken from the judgment of the trial justice, but from his refusal to open the judgment (after the time for an appeal from the judgment had passed), under the section of the code giving a year.

In *Voorhies' Code* 464, under the head of " Appeal to Common Pleas or to a county court," it is said : " If the defendant failed to appear before the justice, and it is shown by the affidavits served by the appellant, or otherwise, that manifest injustice has been done, and he satisfactorily excuses his default, the court may, in its discretion, set aside or suspend judgment, and order a new trial, before the same or any other justice in the same county, at such time and place and on such terms as the court may deem proper."   And in 4 *Wait's Practice* 464, as to " Appeals to the county courts," it is said :   " Under the present practice, the appellate court may always relieve a defendant where he excuses his default and shows that manifest injustice has been

done to him in the rendition of the judgment. In seeking relief from a judgment by default there are several points in the practice which must be observed. And, in the first place, it is to be remembered that there is no relief except by way of appeal from the judgment. It is only by an appeal that the county court acquires any jurisdiction of the cause, or has any power to afford relief. A mere motion in the county court, in a case in which no appeal has been taken from the judgment, would be useless and would be denied because of a want of power to interfere with the judgment rendered by the court below. *Donnell* v. *Carroll*, 1 *Code Rep.* (*N. S.*) 288. In the next place, the notice of appeal ought to assign, as one of the grounds of appeal, that manifest injustice has been done by the judgment, and that the defendant's default is excusable," &c.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.