there may have been no testimony to show that Shepperd & Co. were in the outset agents of the defendant, there was *some* testimony tending to show an appropriation of the purchases procured by plaintiff and a recognition of plaintiff's agency.

2. That judgment for plaintiff on the pleadings could not be directed, as his case rested on allegations of agency which were denied in the answer.

3. It is well settled in this State that the time when testimony may be introduced must be left to the discretion of the Circuit Judge, to be governed by the particular circumstances of each case, and that in some instances the courts have permitted a plaintiff to introduce other evidence even after a motion for a non-suit has been made and argued.

Judgment reversed. Opinion by Mr. Justice McIver, June 27, 1885. *Simonton & Barker*, for appellant. *Buist & Buist*, contra.

No. 1731. Smalls *v.* Benevolent Society of the Tabernacle Church of Beaufort. April Term, 1885. This was a motion by certain members of the defendant corporation to be relieved from judgments obtained by default against the defendant, the motion being based upon the ground of excusable negligence in failing to put in an answer. The Circuit Judge (Aldrich) held that there was no excusable negligence, and refused the motion. On appeal, *held*, that the motion was addressed to the discretion of the Circuit Court, and that there was no abuse of discretion in this case, as the summons and complaint were served upon the president of the defendant corporation, its duly accredited officer, and there was no evidence of any collusion between such officer and the plaintiff; and if such officer was guilty of negligence in not making and prosecuting a defence, the plaintiff is not responsible; and, further, as the motion was not made by the defendant corporation, but by individual members thereof, without authority from the defendant as a corporation. If the judge erred in expressing his opinion as to the merits of the defence, that would not avail appellants, for it is the duty of this court "simply to inquire whether there is any error in the *judgment* rendered, and not whether *the reasons* given to support it are sound."

Judgment affirmed. OPINION by MR. JUSTICE MCIVER, July 20, 1885. *Verdier & Talbird,* for appellants. *Elliott & Howe,* contra.

No. 1732. STATE *v.* TERRY. April Term, 1885. The defendant being on trial under an indictment for murder, his counsel proved by the magistrate who held the inquest that a paper produced was the testimony taken at the inquest and was correct, and that Bond (a witness who had been just examined in behalf of the State) was present at the examination. The judge ruled that as this paper had been introduced without objection, both sides could use it, and that it could not be limited by the defence to so much only as contained the testimony of Bond. On appeal, this ruling was held not to be erroneous. *State* v. *Campbell,* 1 *Rich.,* 124.

Judgment affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, July 20, 1885. *Perry, Perry & Heyward,* for appellant. *Orr,* solicitor, contra.

No. 1738. FITZSIMONS *v.* THE GUANAHANI COMPANY. April Term, 1885. This case was tried upon the same pleadings and evidence as at the first trial of the case, reported 16 *S. C.,* 192. The Circuit Judge (Hudson), feeling bound by the statement of this court on that appeal, that "plaintiff had based his right to sue on the ground that he was an inspector under the statute of Georgia, and that the action could not be sustained under said statute," charged the jury that if they found that the services had been rendered outside of that State, the plaintiff could not recover. On appeal the court say that the Circuit Judge overlooked the fact that while this expression was found in that opinion, yet that this was not the question raised in the appeal, nor was it the point upon which the judgment was there reversed; nor was the second opinion of this court in this case (21 *S. C.,* 599) brought to the judge's attention, in which, this court attempted to correct the misapprehension as to the point decided in the first, and which gave rise to the demurrer at the second trial.

While the plaintiff cannot recover for services in this State under any contract raised by a Georgia statute, he could for ser-