## LAWRENCE v. ISEAR.

1. After a transcript of a trial justice's judgment has been entered in the Court of Common Pleas, he has no power to vacate the judgment thus made a judgment of a superior court, nor grant a new trial, notwithstanding the statutory right conferred upon him of granting a new trial within five days from the rendition of his judgment. MR. JUSTICE McGOWAN *dissenting.*

2. Where a trial justice renders a judgment by default, which does the defendant manifest injustice and the default can be satisfactorily excused, the remedy of defendant is not a motion before the trial justice for a new trial, but an appeal to the Circuit Court, *Code,* § 368.

Before WITHERSPOON, J., Beaufort, September, 1886.

This was an action by F. D. J. Lawrence against Henry Isear. The opinion states the case.

*Mr. F. D. J. Lawrence,* for himself, appellant.

*Messrs. Elliott & Howe,* contra.

July 20, 1887. The opinion of the court was delivered by

MR. JUSTICE McIVER. This action was originally brought before a trial justice, and, the defendant failing to appear, the plaintiff proved his claim as required by subdivision 8, of section 88, of the Code, and on April 26, 1886, recovered judgment for the amount so proved, and on April 27, 1886, having obtained a transcript thereof, filed and docketed the same in the office of the clerk of the Court of Common Pleas. Afterwards, to wit: on May 1st, 1886, the trial justice, upon defendant's motion, granted a new trial; whereupon the plaintiff appealed therefrom to the Circuit Court, upon the ground, substantially, that, after the transcript of the judgment had been filed and entered in the office of the clerk of the Court of Common Pleas, the trial justice no longer had jurisdiction to hear or determine a motion for a new trial. The Circuit Judge, holding otherwise, dismissed the appeal from the order of the trial justice granting a new trial, and this is now an appeal from the order of the Circuit Judge dismissing the appeal from the trial justice, in which the real question involved is whether the trial justice had jurisdiction to grant a motion for a new trial made after the transcript of judgment had been filed and entered in the Court of Common Pleas.

Section 87 of the Code provides that: "A trial justice, on the demand of a party in whose favor he shall have rendered a judgment, shall give a transcript thereof, which may be filed and docketed in the office of the clerk of the Circuit Court of the county where the judgment was rendered. The time of the receipt of the transcript by the clerk shall be noted thereon and entered in the docket; and from that time the judgment shall be a judgment of the Circuit Court." And subdivision 13, of section 88, provides that upon the judgment so docketed with the clerk of the Circuit Court, "the execution shall be issued by him to the sheriff of the county, and have the same effect, and be executed in the same manner as other executions and judgments of the Circuit Court." Under these statutory provisions it is quite certain that when the transcript of the judgment in this case was docketed with the clerk of the Circuit Court, on April 27, 1886,

it became "from that time * * * a judgment of the Circuit Court," and that the execution issued thereon by the said clerk to the sheriff must "have the same effect and be executed in the same manner as other executions and judgments of the Circuit Court."

This being so, the practical inquiry is, whether a trial justice has any jurisdiction, by an order for a new trial, or otherwise, to set aside or even suspend such a judgment. To say the least of it, the exercise of such a power by an inferior tribunal over a judgment of a superior tribunal would be not only anomalous, but extraordinary. But when we find that it has been judicially declared in *Doty & Co.* v. *Duvall* (19 *S. C.*, 143), that the powers of a trial justice are purely statutory, and when there is no statute conferring such an extraordinary power on a trial justice, it would seem that there is not the least vestige of authority for a trial justice to exercise such a power.

But it is contended that inasmuch as a trial justice is, by subdivisions 17 and 18, of section 88, of the Code, invested with the power to grant a new trial, provided the motion for that purpose "shall be heard within five days from the rendering of the judgment," this section must be read in connection with the preceding section in such a manner as to give full effect to both. So that where, as in this case, the motion for a new trial is heard by the trial justice within the five days, the filing of the transcript of the judgment in the Circuit Court before the expiration of the five days, must be regarded as premature, and, therefore, as not ousting the jurisdiction of the trial justice to hear and determine the motion for a new trial. Such a view manifestly involves the necessity of interpolating a provision into section 87, whereby the right to file a transcript of judgment would be postponed until the expiration of the five days within which the losing party is permitted to move for a new trial. It would be necessary to carry out this view, that words something like the following should be added to section 87 : "At any time *after* the time allowed for a motion for a new trial, or for giving notice of appeal" a trial justice, on the demand of the party, &c.

But the legislature has not seen fit to insert any such words in the section, and we do not see by what authority we could ven-

ture to do so. We have no power to alter or amend a statute. It may be that, when the law was so amended as to confer upon a trial justice the power to grant a new trial, it would have been better, in order to give full efficacy to such power, that section 87 should have been so altered and amended as to postpone the right to demand a transcript of judgment for file in the Circuit Court until after the expiration of the time allowed to make the motion for a new trial. But this has not been done, whether through oversight or by design, is wholly immaterial. This court has no power to supply any defects, either real or supposed, in an act of the legislature.

But suppose we could hold that the trial justice had jurisdiction to grant the new trial in this case, we do not see of what avail it would be to the defendant, as long as there is a judgment, which, under the express terms of the statute, had become the judgment of the Circuit Court before the motion for a new trial was made, which could be enforced by an execution issued by the clerk of that court and placed in the hands of the sheriff; for surely no order of a trial justice could in any way affect a judgment of the Circuit Court, or suspend the enforcement of it by execution in the hands of the sheriff of the county.

It seems to us, however, that the defendant mistook his remedy, and has applied to the wrong tribunal for relief—that instead of applying to a court which could give him relief, provided he is entitled to it, he has applied to a court which no longer had the power to relieve him. It does not appear very distinctly in the record what was the ground upon which his motion for a new trial, addressed to the trial justice, was based, but we infer from what does there appear, that it was based upon the ground that manifest injustice had been done him, and judgment had gone against him by reason of his default in not appearing at the original trial, and that he could satisfactorily excuse such default. If this be so, then under a provision contained in section 368 of the Code, his remedy was by appeal to the Circuit Court, and not by a motion before the trial justice for a new trial. That provision reads as follows: "If the defendant failed to appear before the trial justice, and it is shown by the affidavits served by the appellant, or otherwise, that manifest injustice has been done, and he

satisfactorily excuses his default, the court may, in its discretion, set aside or suspend judgment, and order a new trial, before the same or any other trial justice in the same county, at such time and place, and on such terms, as the court may deem proper." This provision would have afforded him complete relief, provided he showed himself entitled to it, for under it he could not only obtain an order for a new trial, but what was more important, an order to "*set aside or suspend judgment*," pending the result of the new trial, which latter he could not obtain by applying to a trial justice.

The judgment of this court is, that the judgment of the Circuit Court be reversed.

MR. CHIEF JUSTICE SIMPSON concurred.

MR. JUSTICE McGOWAN, *dissenting*.   Section 87 of the Code, as to a trial justice granting "a transcript" of a judgment rendered by him, is inconsistent with subdivisions 17 and 18 of section 88, which give him the right to grant a new trial within five days.   The provision giving the right to move for a new trial within five days, is as positive as that in reference to the right "to transcript;" and I think that, as far as possible, they should be reconciled, which can be done by considering the right to "transcript" as in abeyance during the five days allowed for appeal; that until the time for appeal has expired, the judgment is not perfect, or in a condition to be "transcripted."   This question was touched, though not decided, in the case of *Abrams* v. *Carlisle* (18 *S. C.*, 245), where the court say : "Under ordinary circumstances we think it the better course for him (trial justice) to regard the case as still pending until the time allowed for a new trial or appeal has expired."