SPEER v. MESCHINE.

1. TRIAL JUSTICE—NEW TRIAL—CODE, SEC. 88, SUB. 17.—A trial justice may grant a new trial for reasons for which new trials have usually been granted in this State, when the *motion* therefor is made within five days after judgment, although the *order* may not be made until some days thereafter—construing sec. 88, sub. 17, Code.

2. APPEAL—ORDER—JUDGMENT—CASE FOLLOWED.—An appeal lies from an order granting a new trial, but a party failing to appeal therefrom, and having gone to trial, cannot afterwards question the granting of the new trial—following *Redfern* v. *Douglass*, 35 S. C., 569.

3. TRIAL JUSTICE—APPEAL—JUDGMENT BY DEFAULT—NEW TRIAL—CASES FOLLOWED.—When a trial justice renders a judgment by default, and the default can be satisfactorily explained, the remedy for defendant is not a motion for a new trial, but appeal. Following *Doby & Co.* v. *Duval*, 19 S. C., 143; *Lawrence* v. *Isear*, 27 S. C., 244.

4. SUPREME COURT—FINDINGS OF FACT—JURISDICTION.—This Court has no jurisdiction to consider questions of fact in a law case concurred in by the Circuit Judge, where there is any evidence to support them.

5. STATUTE OF FRAUDS—WRITINGS—ORIGINAL PROMISE.—It is not necessary to consider in this case whether the writings were sufficient to bind the defendant to pay the debt of another, because the trial justice found that the claim was based on an original promise, the Circuit Judge concurred therein, and there was evidence to support it.

Before ALDRICH, J., Abbeville, June 30, 1895.    Affirmed.

Action by A. J. Speer against E. C. Meschine, on account for medicine and medical services rendered by plaintiff to tenants of defendant, as alleged at the request of defendant. Commenced before Trial Justice Hardin, February 20, 1895. Judgment for the plaintiff. Defendant appeals. The report of the trial justice is as follows:

This is an action brought to recover an account of $48.75 which the plaintiff claims is due him by the defendant for medical services rendered by the plaintiff to two tenants of the defendant—Bill Mack and Jake Harris. At 11 o'clock the 13th of March, 1895, was set for a hearing of the case, but the defendant did not appear, owing to heavy rains and a swollen creek. The defendant appearing about 3 o'clock

of the day set for trial and hearing his cause of detention, a new hearing was ordered for April 3d.

He did not serve an affidavit on me to remove the case, but did say he wanted the case tried by a jury, and that he did not believe that he could obtain a jury of the citizens of the town of Lowndesville that would give him justice, when I told him he could have the jury from the country, which he was willing to. Then the jury was regularly drawn and summoned to hear the case upon the testimony hereto attached. The jury found for the plaintiff, and in the sum of $20 and costs of action. The plaintiff asked for a new trial, upon the ground that the verdict of the jury was not in accordance with the law and evidence, and that he was entitled to receive the entire amount of the account. A new trial was granted, and a hearing of the case was set for the 29th of April, and the testimony in the trial of April 3, 1895, together with the supplemental testimony hereto attached, was offered and the case left to the trial justice to decide. The plaintiff in the action testifies, that on the 9th day of March, 1893, he received an order from the defendant to go and see one Bill Mack, and four days later received another order for the same purpose, and that on March 30th he received another from the defendant to go and see Jake Harris; that he visited these parties every other day from March 30th to April 17th and furnished all medicine. The plaintiff testifies, also, that it is the custom in practicing medicine that the physician treat the case through unless ordered to the contrary. He further testifies, that in communication with the defendant, the defendant told him to attend these parties, and that plaintiff has always looked to the defendant for his pay, and that the defendant never denied the account in different conversations with him. The defendant testifies that he sent the orders, but did not consider that the orders made him personally responsible; he testifies that he only meant to let the doctor know who was sick, and that his inquiring about their condition was not intended to make him responsible for the plaintiff's ac-

count. There is no dispute as to the giving of the orders. The orders are subject to different constructions, as shown by the testimony, and we have only the circumstances surrounding the case from which to draw a conclusion. It appears from the testimony in the case that the plaintiff rendered these services, and that him not presenting his accounts to his patients is proof that he relied upon the orders and the instructions of the defendant. It appears, also, that the defendant approached the plaintiff at different times after the orders were given and offered the plaintiff some fodder to be applied on the debt, and also promised to make a payment of money at a stated time. The giving of the orders by the defendant and afterwards offering to pay, it seems, would establish an original contract between the plaintiff and the defendant, and we, therefore, find judgment in favor of the plaintiff for $48.75 and cost of action.

The Circuit Court affirmed the judgment below. The defendant appeals.

*Messrs. DeBruhl & Lyon*, for appellant.

*Mr. Frank B. Gary*, contra.

April 1, 1896. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from the judgment of the Circuit Court, affirming the judgment of a trial justice's court, on an action upon an account for medical services rendered and medicine furnished by the plaintiff to two negro men on the order of the defendant, as alleged. The action was commenced before J. G. Hardin, Esq., a trial justice of Abbeville County, February 20th, 1895, and on March 13th, 1895, the day fixed for trial, judgment was rendered against the defendant for $48.75, the amount claimed. The defendant did not appear at the time fixed for trial, but arrived later in the day; and upon his showing that he was unable to reach the place of trial in

time on account of high water, the trial justice granted him a new trial.

A new trial was had April 3d, 1895, and the jury drawn to try the case rendered a verdict in favor of the plaintiff for $20. The plaintiff, being dissatisfied, moved for a new trial, which was granted, and the second new trial was had without a jury April 29th, and judgment was rendered by the trial justice against the defendant for $48.75, and costs. From this judgment the defendant appealed to the Circuit Court, on these grounds: (1) Because the trial justice erred in setting aside the verdict rendered on April 3d, 1895, and granting a new trial. (2) Because the trial justice completely ignored the evidence on the part of the defendant. (3) Because there is no law or custom authorizing Dr. Speer to charge against defendant his bill for services rendered defendant's tenants, and Dr. Speer's custom in such cases is not binding on defendant, and cannot establish Dr. Speer's claim against him or make him liable for the debt of another, he having made no agreement in writing to be so liable. (4) Because it was error to render said judgment against defendant, the defendant not having employed Dr. Speer or contracted to pay his bill. The report of the trial justice will be set out in the report of this case. The orders referred to in the trial justice's report, introduced in evidence by the plaintiff, were three, as follows: (1) "For Bill Mack, March 9th, '93. Meschine." (2) "For Bill March 13th, '93. Meschine." (3) "Please come as soon as possible for Jake Harris. Meschine." This last order was received March 30th, '93.

The concluding part of the report of the trial justice is as follows: "There is no dispute as to the giving of the orders. The orders are subject to different constructions as shown by the testimony, and we have only the circumstances surrounding the case from which to draw a conclusion. It appears from the testimony in the case that the plaintiff rendered these services, and that his not presenting his accounts to his patients is proof that he relied upon the

orders and the instructions of the defendant. It appears also that the defendant approached the plaintiff at different times after the orders were given, and offered the plaintiff some fodder to be applied on the debt, and also promised to make a payment of money at a stated time. The giving of the orders by the defendant, and afterwards offering to pay, it seems would establish an original contract between the plaintiff and the defendant; and we, therefore, find judgment in favor of the plaintiff for $48.75, and costs of the action."

The Circuit Court affirmed the judgment of the trial justice, reciting in the order that it did not appear that any error of law was committed by the trial justice, and "it appearing that the judgment of the trial justice was founded upon findings of fact which are not without evidence to support them." The defendant presents seven exceptions to this judgment of the Circuit Court.

Exceptions 1 and 6 allege error in holding that the trial justice committed no error of law in setting aside the verdict of April 3d and granting a new trial, and in not holding that the trial justice was without jurisdiction to grant the new trial on April 19th, and that the trial had on April 29th was void. It is expressly provided, 16 Stat., 60, sec. 88, subdiv. 17, Code of Procedure, that "Any trial justice court shall have power to grant a new trial in any case tried in the said court, for reasons for which new trials have usually been granted in the courts of law of this State;" but it is further provided that no motion for a new trial shall be heard, unless made within five days from the rendering of the judgment. It will be seen that the limitation is that the motion must be *made*, and is not that the motion must be *decided*, within five days from the judgment. The testimony of the defendant on this point is as follows: "On hearing the decision of the jury, Doctor Speer declared that he was not satisfied with the verdict, and the trial justice offered him a new trial. On the 19th April, the trial justice granted a new

trial to Doctor Speer." The report of the trial justice on this point is as follows: "The jury found for the plaintiff in the sum of $20, and the cost of the action. The plaintiff asked for a new trial upon the ground that the verdict of the jury was not in accordance with the law and evidence, and that he was entitled to receive the entire amount of the account. A new trial was granted and a hearing of the case was set for the 29th of April." It does not otherwise appear in the case when the motion for new trial was made. The Circuit Judge, doubtless, concluded as a matter of fact that the motion had been made within five days from the judgment. This fact disposes of the question as a jurisdictional one. And we find no error of law in the judgment of the Circuit Court on this point. Defendant had the right to appeal from the order granting a new trial. *Redfearn* v. *Douglass*, 35 S. C., 569. Provided notice of appeal stating grounds thereof shall be served within five days after judgment. Sec. 360, Code of Procedure. And the order granting a new trial is a "judgment." *Redfearn* v. *Douglass, supra.* No appeal was taken from the order granting new trial, made as alleged April 19th, until after trial was had April 29th. Having failed to appeal therefrom in time, and having gone to trial, defendant could not question the granting of the new trial. There seems to have been no question made as to the right of the trial justice to open the judgment by default rendered against defendant on March 13th. See *Doby & Co.* v. *Duval*, 19 S. C., 143, and *Lawrence* v. *Isear*, 27 S. C., 244, where it was held that where a trial justice renders a judgment by default, which does the defendant manifest injustice, and the default can be satisfactorily explained, the remedy of defendant is not a motion before the trial justice for a new trial, but an appeal to the Circuit Court.

The second and third exceptions raise questions of fact, which it has been settled we have no jurisdiction to consider. There was testimony tending to support the judgment of the trial justice, and the Circuit

Court concurred with the trial justice in his conclusions of fact.

The fourth and fifth exceptions are as follows: (4) Because his Honor erred in holding that the notes in writing by the defendant constituted a sufficient agreement in writing to charge the defendant with the account for services rendered by plaintiff to defendant's tenants. (5) Because his Honor should have held that any promise to pay said account, made by defendants after said services were rendered, and not in writing, was within the statutes of frauds, and void. We do not understand that the Circuit Judge held as alleged in exception four, and it is not necessary that we consider whether the orders in writing are in themselves sufficient to bind defendant to pay the debt of another. The trial justice found, as matter of fact, that the claim sued on was founded upon an original promise, and not upon a collateral undertaking to answer for the debt, default or miscarriage of another, and the Circuit Court concurred in this conclusion, and it is supported by the testimony. This fact, therefore, is conclusive of the question, and the plea of the statutes of frauds cannot be sustained. *Davis* v. *Schmidt*, 22 S. C., 128; *Oliver* v. *Duval*, 32 S. C., 273; *Black* v. *White*, 13 S. C., 42; *McKinney* v. *Quilter*, 4 McCord, 409.

The seventh exception raises no question not disposed of above.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.