## *IN RE* ESTATE OF PERMELIA BUGG.

1. JUDGMENT—ESCHEAT.—Proceeding to escheat property commenced under statute but failing because of appearance of heirs in response to notice, was changed by orders in case permitting administrator to intervene into a proceeding to marshal assets; call in creditors; take account of administrator; fix and provide for paying fees of attorney of administrator and escheator, and sell lands, when all parties were represented by counsel who were present at all of the different steps and participated therein and had full opportunity to be heard, and made no objection to final decree, judgment will not be set aside on ground that it is beyond the scope of pleadings of original proceeding. *Cooper* v. *Smith*, 16 S. C., 331, criticised.

2. IBID.—EXCEPTIONS—MASTER'S REPORT—DISCRETION.—A MOTION to open a judgment and permit a party to file exceptions to master's report is addressed to the discretion of the Court and order thereon will not be disturbed except for abuse of discretion or error of law.

Before WATTS, J., Richland, July, 1904.   Affirmed.

Petition by Ella Bugg Jones *et al.* in proceeding by M. R. Cooper, secretary of State, to escheat property of Permelia Bugg, to set aside judgment and permit them to file exceptions to master's report.   From order refusing petition, petitioners appeal.

*Mr. Halcott P. Green,* for appellants, cites: *Motion in case is proper remedy:* 34 S. C., 459; 17 Ency., 2 ed., 825; 6 Rich. L., 487; 22 S. C., 257; 50 S. C., 491; 1 Black on Judg., 265. *Court was without jurisdiction to make the final judgment:* 1 Black on Jud., secs. 171, 215, 241, 242; 34 N. J. Eq., 418; 10 At. R., 385; 20 Ohio St., 142; 43 Mo., 502; 4 McL., 262;

18 Wall., 163; 21 S. C., 452; 7 Rich. L., 88.  *Irregularities are sufficient to avoid the judgment:* 17 Ency., 828; 16 S. C., 333; 42 S. C., 511; 45 S. C., 265; 24 S. C., 165; 54 S. C., ·155; 34 N. J. Eq., 318.

*Messrs. W. N. Graydon* and *Lawson D. Melton,* contra, cite: *As to the jurisdiction of the Court:* 51 S. C., 164; 64 S. C., 205; 17 Ency., 2 ed., 1060, 1063; 43 S. C., 176; 24 S. C., 398; 9 S. C., 80; 5 S. C., 71; 3 Pet., 206; 1 Pet., 340.  *Petitioners are estopped from objecting now by participating in the proceedings:* Big. on Est., 4 ed., 687; 84 Mo., 664; 7 H., 310; 46 N. Y., 354; 42 Me., 44; 4 Den., 554; 72 Ill., 108; 11 Ency. P. & P., 882; 140 U. S., 254; 27 Abb. N. Cas., 112; 118 N. Y., 458; 23 Cal., 225; 56 S. C., 69.  *Refusal to open judgment for inadvertence or excusable neglect is discretionary and not appealable:* 19 S. C., 554; 52 S. C., 308; 56 S. C., 29, 12; 55 S. C., 465.

April 18, 1905.  The opinion of the Court was delivered by

Mr. Justice Woods.  The questions to be determined in this appeal arise under a petition of Ella Bugg Jones, Hannah H. Bugg, Lydia Jane Bugg and James W. Bugg to the Circuit Court to set aside the decree rendered in the cause on the grounds: (1) that the Court had no jurisdiction to render it, and (2) if the Court did have jurisdiction, the petitioners should be relieved from it because their failure to except to the report of the master confirmed by the decree was due to oversight or excusable neglect on the part of their attorneys.  To make the issues clear, it is necessary to state somewhat in detail the history of the proceeding.  The original proceeding was instituted for the sole purpose of having escheated certain real estate in the city of Columbia belonging to the estate of Permelia Bugg, deceased.  All the statutory requirements were complied with, and the cause was placed on the jury calendar.  In response to the publication of notice to heirs and claimants two sets of claimants ap-

peared, and were actively represented by counsel throughout the proceeding. By consent of all parties, the matter was referred to the master, "to hear and determine all the issues of law and fact raised by the said traversers and to make report thereof, together with the testimony taken, with all convenient speed, with leave to report any special matter." The master, under this order, heard the separate traverses together. While the taking of the testimony was in progress, it developed that J. C. Martin had administered on the estate of Permelia Bugg, and that C. C. Johnson, who had recovered judgment against the administrator, was attempting to collect his judgment by sale of the property involved in the escheat proceedings. Some of the parties in interest commenced the preparation of a proceeding to enjoin the enforcing of this judgment, but abandoned it upon the filing of a petition by W. D. Mayfield, attorney for the judgment creditors, to be allowed to intervene. Against the objection of the attorney for the petitioner, Ella Bugg Jones, and those in common interest with her, the master ordered the petition to be filed, and subsequently, in pursuance of the petition, ordered notice to be published to all creditors to come in and prove their demands, and that the administrator show cause why he should not be required to account before the master. All this was manifestly outside of the scope of the escheat proceedings, but when the order last recited was made, attorneys representing all parties were present and made no objection. Subsequently, in open court, attorneys of all parties being again present, with due notice of the motion, and making no objection, an order was made by the Circuit Court confirming both these orders of the master. The master then proceeded to take the accounts of the administrator, receive proof of claims, take the accounts of Ella Bugg Jones, Hannah H. Bugg, Lydia Jane Bugg and James W. Bugg for rents of the property collected by them, and to fix the fees of counsel for the escheator and for the administrator. Not only were all these things done without objection, but counsel who were then acting for those who are now

objecting to the course of the master on the ground that it was beyond the scope of the proceeding, participated in the adjustments of the accounts for rents, and as the master says in his report, agreed to the allowance of fees by way of compromise.

The master's report covered all these subjects, the claims and liabilities of all parties, including the petitioners in this proceeding, were adjusted and a sale of the land recommended. A decree was then made by the Circuit Court reciting all the proceedings and confirming the report of the master, with a slight modification as to the rents due. By this decree, the claimants were adjudged to be the owners of the land as heirs of Permelia Bugg, and entitled to the proceeds of sale. None of the attorneys interested made any objection to this decree, though it was submitted to all of them and they were all present when it was signed. Under this decree the land was sold and bid off by W. Boyd Evans for $3,000. Before compliance with the bid and execution of title, the petition upon which this appeal arises was filed, and a temporary injunction obtained restraining the master from paying out the funds in his hands and from executing a deed to the property sold. Upon the hearing of the cause, the petition was dismissed by the Circuit Court, and the petitioners appealed.

The original proceeding being solely for escheat under the statute, the first question is, did the Circuit Court have the power in that proceeding to marshal the assets, call in creditors, take the accounting of the administrator and order fees to be paid, and sell the land; in short, to settle the entire estate? The appellants do not, of course, deny that the Court of Common Pleas has jurisdiction to do all these things when they are within the scope of the pleadings, but the contention is that a judgment is not valid when it embraces matters not brought to issue in the pleadings.

The general proposition that a judgment in which matters are adjudicated against a party not fairly within the scope

of the pleading he is called upon to answer is invalid and
will be set aside as to such extraneous matters, is founded
on the most obvious principles of justice, and is well sup-
ported by authority.   For instance, if a judgment of fore-
closure should be entered by default in an ordinary action
on an account, the foreclosure would be set aside on motion.
The ground upon which this rule rests, however, is that in
rendering such a judgment the Court undertakes to conclude
a party upon a matter in which he has had no opportunity to
be heard.   1 Black on Judgments, sec. 242; *Munday* v. *Vail,*
34 N. J. Law, 418; *Reynolds* v. *Stockton,* 140 U. S., 254,
35 L. ed., 464.   In the latter case, Mr. Justice Brewer, in
discussing the faith and credit to be given by the courts of
one State to judgments rendered in another, says: "The
requirements of that section are fulfilled when a judgment
rendered in a court of one State, which has jurisdiction of
the subject matter and of the person, and which is substan-
tially responsive to the issues presented by the pleadings,
*or is rendered under such circumstances that it is apparent
that the defeated party was in fact heard on the matter deter-
mined, is recognized and enforced in the courts of another
State."*   The language we have italicized obviously applies
to this case.

The case of *Cooper* v. *Smith,* 16 S. C., 331, decided a
different question.   There the clerk undertook to enter a
formal judgment on the verdict of a jury in an equity cause,
which required the decree of the Court.   The plaintiff par-
ticipated in the contest before the jury without objecting.   In
setting aside the judgment, the Court did not decide any-
thing as to the actual effect of the verdict, but only that the
clerk could not enter a judgment on that alone without a
decree of the Court.   While recognizing the authority of
that case, the Court has no disposition to extend it to cases
not falling clearly within it.

In the proceedings now under consideration, the petition-
ers had the fullest opportunity given them to be heard at
every step and actually participated in the proceedings as

enlarged by the orders of the master and the Circuit Court. While their attorneys did object to the order of the master directing the petition of the creditors to be filed in the escheat proceeding, they made no objection to the decree of the Court in which this order of the master was confirmed. The authority of the former attorneys for the appellants to represent them is not denied, nor is the good faith of these attorneys at all drawn in question. The appellants having had full opportunity to be heard at every stage, the motion to set aside the judgment cannot be granted on the ground that the judgment was beyond the scope of the original proceeding.

A motion to open a judgment on the ground of excusable neglect or inadvertence is addressed to the discretion of the Circuit Judge, and this Court cannot reverse his action thereon, except for abuse of discretion or error of law. *LeConte* v. *Irwin,* 19 S. C., 554; *Ex parte Bank,* 56 S. C., 12, 33 S. E., 781. The Circuit Judge refused to open the judgment because of the alleged excusable neglect and inadvertence of the attorneys then representing appellants in failing to except to the master's report within ten days. No error of law or abuse of discretion has been shown in this refusal. Indeed, the petition and the affidavit do not state any facts showing excusable neglect or inadvertence.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.