### 8787

### FARMERS BANK OF McCORMICK v. TALBERT.

### (81 S. E. 305.)

JUDGMENT. MOTION TO VACATE. FRAUD.

1. Denial of motion to set aside a default judgment under Code Civ. Proc., sec. 225, on the ground of mistake or excusable neglect, will not be disturbed, where defendant's claims that the default was due to his bad health and deficient memory, and that he had a good defense against charges made, are not sustained.
2. Where defendant gave checks on a bank for cotton purchased, which he met by depositing a draft drawn against the cotton, though he had already drawn against the cotton, with bill of lading attached, the whole transaction showed fraud, though he claimed to have overlooked the fact that he had already drawn against it.
3. It is not a defense to an action for fraud and deceit against a trained man of business for obtaining a credit of $500.00 on draft attached to a bill of lading for cotton worth less than $300.00, that he thought it was worth $500.00.

Before SHIPP, J., Abbeville, April, 1913. Affirmed.

Action by the Farmers Bank of McCormick against John L. Talbert. Judgment by default. Motion to vacate judgment and for leave to answer refused. Defendant appeals.

*Mr. Wm. P. Greene,* for appellant.

*Mr. Wm. N. Graydon,* for respondent, cites: 15 S. C. 614; 51 S. C. 405; 17 S. C. 451; 56 S. C. 28; 77 S. C. 226.

April 14, 1914.

The opinion of the Court was delivered by MR. JUSTICE GAIGE.

The appeal involves practically only one issue, though there are seven exceptions.

The plaintiff got by default a judgment against the defendant for two thousand one hundred twenty and 40-100 ($2,120.40) dollars.

Within thirty days thereafter the defendant moved, under section 225 of the Code of Procedure, to set the judgment aside and for leave to answer.

The motion was refused, and the defendant appeals.

It is plain the Court below did not abuse its discretion to refuse the motion; and that is sufficient to now sustain the order which was made.

But the testimony is abundant that the Court was right to refuse the motion.

The defendant admits to a service of the summons and complaint; and he alleges an *intention to* answer; from which he was diverted by deficient memory, consequent upon bad health.

The clear preponderance of the testimony is against the defendant upon the issue of bad health and memory.

The defendant tendered only one witness outside of his family; the plaintiff tendered eight.

And upon the issue of fraud charged in the second and third causes of action, about which the defendant desired to be heard, the proof to sustain fraud was strong. The defendant's affidavit consisted chiefly of a denial; it offered no satisfactory explanation of his transactions with Salinas at Augusta and Frost at Charleston. About the first transaction the defendant testifies, that he bought seven bales of cotton at Plum Branch and drew on Salinas with bill of lading attached, and got credit with the plaintiff therefor; but that on the *same day* he also drew on Salinas another draft which covered other pur-

chases of that day, that he *overlooked* the fact that he had drawn for the seven bales already, and that he therefore included the seven bales in the second draft only by his *mistake*.

And the defendant seeks further to save himself from this badge of fraud by saying that he drew on the plaintiff checks in favor of the vendors of these seven bales of cotton, which checks the plaintiff refused to pay.

But, had the bank paid these checks, having also given the defendant credit for the same cotton, it would have paid twice for the same seven bales.

The issuance of the checks to pay for the cotton at first hand, and the subsequent realization of a credit on the same cotton with the bank by draft on Salinas, the two together, clearly proves that Talbert was kiting. The whole transaction is susceptible of but one conclusion, and that is Talbert *intended* to get something for nothing.

About the second transaction, that with Frost, at Charleston; the defendant does not deny that he secured credit with the plaintiff for $500.00, upon a bill of lading attached to his draft upon Frost.

But it turned out that Frost would not pay the draft, because the cotton against which it was drawn was worth only two hundred eighty-five and 72-100 ($285.72) dollars.

The defendant now makes the thinly veiled plea that he thought the cotton against which he drew was worth five hundred ($500.00) dollars, when in fact it was worth little more than half that amount.

A trained man of business may not with impunity do an act which he ought to have known was wrong and which was wrong, and then say he did not know.

The order below was right and must be affirmed.

FOOTNOTE—On the question whether statements made without knowledge of falsity constitute ground of action for fraud, see note in 18 L. R. A. (N. S.) 379.