### DRUMMOND v. EDWARDS

#### (120 S. E., 366)

APPEAL AND ERROR—COUNTY COURT'S ORDER REFUSING TO OPEN DE-
FAULT JUDGMENT IN MAGISTRATE'S COURT REVIEWABLE ONLY FOR
ABUSE OF DISCRETION.—Where there was an adequate evidential
basis for the County Court's refusal to exercise discretionary power
under Code Civil Procedure 1922, § 437, and open a judgment
in a Magistrate's Court rendered against defendant in his absence,
no ground exists for imputing to the County Court the manifest
abuse of discretion which will alone warrant the Supreme Court
in reversing such an order for an error of law.

Before ANSEL, J., County Court, Greenville, February,
1923. Affirmed.

Action in Magistarte's Court by M..A. Drummond against
J. C. Edwards. From a default judgment the defendant
appealed to the County Court, and from a refusal to open
or vacate the judgment, defendant appeals.

*Mr. N. A. Harrison,* for appellant, cites: .*Defendant
sick and continuance should have been granted:* 101 S. E.,
282; 70 S. C., 166. *Requirements to warrant opening
judgment:* 107 S. C., 482. *Hearing premature, having
been on the 20th day after service:* 28 S. C., 119; 15 S. C.,
399; 43 S. C., 173. *Letter to Magistrate was, in effect, a
motion for new trial:* 19 S. C., 143; Voor Code, 464; 4
Wait, Pr., 464.

*Mr. A. H. Miller,* for respondent, cites: *Showing in-
sufficient to warrant continuance:* 80 S. C.,    ; 97 S. C.,
  . *Appellant must show abuse of discretion:* 15 S. C.,
614; 17 S. C., 451; 19 S. C., 557; 23 S. C., 602.

December 13, 1923.

The opinion of the Court was delivered by MR. JUSTICE
MARION.

The plaintiff recovered judgment against the defendant
for the sum of $79.00 and costs in a Magistrate's Court.

On the day set for trial the defendant failed to appear. The plaintiff proved his case, and thereupon judgment was rendered on December 13, 1922. On January 20, 1923, after transcript of the judgment had been filed and docketed in the Clerk's office for Greenville County, defendant served on plaintiff's attorney notice of a motion to vacate the judgment and for a new trial before Hon. M. F. Ansel, County Judge. On February 14, 1923, the County Judge filed an order refusing the motion. From that order this appeal is taken.

Assuming that the matter was properly before the County Judge (a point not raised, as to which, see *Doty v. Duvall,* 19 S. C., 143), his authority to grant relief was the discretionary power conferred by Section 225, Code of Civil Procedure 1912, now Section 437, Code Civil Procedure 1922. The ground upon which it was sought to set aside the judgment was excusable neglect, based upon the allegation that defendant was unavoidably detained from the trial on account of sickness. The order of the County Judge is tantamount to a finding of fact against the appellant's contention, and a careful examination of the record discloses that there was adequate evidential basis for the finding. In such case no ground exists for imputing to the County Court the manifest abuse of discretion which will alone warrant this Court in reversing such an order for "error of law." *Buttz v. Campbell,* 15 S. C., 614. *Truett v. Rains,* 17 S. C., 451. *Le Conte v. Irwin,* 19 S. C., 557. *Smalls v. Society,* 23 S. C., 602. *In re Bugg's Estate,* 71 S. C., 444; 51 S. E., 263. *Bank v. Talbert,* 97 S. C., 74; 81 S. E., 305.

The exceptions are overruled, and the judgment of the County Court affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. JUSTICE COTHRAN: I concur in this judgment with reluctance, as I think that his showing entitled defendant a new trial; but under Section 407, Code of 1912 (Section 669, Code of 1922), his remedy was by appeal from the judgment of the Magistrate (*Doty v. Duvall*, 19 S. C., 149. *Lawrence v. Isear*, 27 S. C., 244; 3 S. E., 222. *Speer v. Meschine*, 46 S. C., 510; 24 S. E., 329), and not by motion in the County Court.