JEFFERSON STANDARD LIFE INSURANCE CO. v. HYDRICK,

*ET AL.*

(141 S. E., 277)

1. JUDGMENT—MOTION TO OPEN JUDGMENT AND FILE EXCEPTIONS TO MASTER'S REPORT IS DISCRETIONARY, BUT IT SHOULD BE GRANTED ONLY FOR GOOD REASON.—While motion to open judgment and for leave to file exceptions to Master's report is addressed to discretion, it should be granted only when failure to file exceptions was due to some good reason, and when in interest of justice judgment should be opened.

2. JUDGMENT—REFUSAL OF MOTION TO OPEN JUDGMENT AND FOR LEAVE TO EXCEPT TO MASTER'S REPORT HELD DISCRETIONARY, WHERE EVIDENCE SHOWED DEFENDANT ASSUMED MORTGAGE.—In suit against mortgagor and her grantee to foreclose a mortgage, where cause was referred to Master who submitted report finding that grantee assumed payment of mortgage debt, refusal of grantee's motion to open judgment and for leave to file exceptions to Master's report after expiration of time allowed therefor was within discretion, where evidence and grantee's letters showed that mortgage debt was assumed by him.

3. EQUITY—DEFENDANT MOVING TO VACATE JUDGMENT IN SUIT TO FORECLOSE MORTGAGE COULD NOT COMPLAIN BECAUSE COURT CONSIDERED CONVEYANCES TO HIS WIFE.—In suit against mortgagor and her grantee to foreclose mortgage, where after report of Master that grantee assumed mortgage judgment of foreclosure was entered in grantee's motion to set judgment aside and for leave to file exceptions to Master's report, he could not complain because Court admitted evidence showing conveyance of his property to his wife, since case was in equity and grantee claiming he was unjustly dealt with was required to come into equity with clean hands.

4. MORTGAGES—ALLOWING ATTORNEY'S FEE OF $750 IN FORECLOSURE OF MORTGAGE FOR $10,000 HELD PROPER.—In foreclosure of mortgage for $10,000, Master's allowance of fee of $750 for services of attorney for plaintiff *held* proper.

Before JOHNSON, J., Orangeburg, October, 1926. Affirmed.

Action by the Jefferson Standard Life Insurance Company against D. J. Hydrick and another. From a judgment

for plaintiff, an order refusing to open judgment to permit filing of exceptions to the master's report, and an order settling case on appeal, defendant named brings three separate appeals.

*Mr. John H. Hydrick,* for appellant, cites: *As to reopening judgment:* Sec. 225, Code Civ. Proc., 1912; 61 S. E., 1071. *When purchaser of land encumbered by mortgage asumes mortgage debt:* 125 S. C., 131; 33 S. C., 338. *Grantee of mortgaged lands does not incur a personal liability for the payment of the mortgage debt except where there is an express agreement to assume same:* 27 Cyc., 1343; 19 R. C. 380; 1 Jones Mtg. (6th Ed.), 770, 771; 22 N .Y., 438; 28 Am. Dec., 213; 13 Allen (Mass.), 168; 46 Conn., 576; 8 Allen (Mass.), 557; 26 Am. Rep., 659; 54 N. E., 209; 95 S. E., 65. *Contract of assumption cannot be established by inference:* 22 N. Y., 438; 24 N. W., 815; 29 Barb., 524; 1 Abb. (N. C.), 97; 33 Mich., 354; 43 Ill., 260; 52 Pa. St., 138; 26 N. J. Eq., 504; 24 N. Y., 178; 115 Mass., 554; 94 N. Y., 354. *Oral promise by grantee to pay the debt is sufficient and may be enforced:* 23 N. J. Eq., 150; 53 Am. Dec., 263. *The agreement is independent of the deed, nor is it merged in the terms of the deed:* 18 Hun., 458; 42 N. Y., 316; 62 N. Y., 31. *Payment of interest on mortgage indebtedness does not create a contract of assumption of the indebtedness:* 108 U. S., 132; 115 U. S., 505; 48 L. R. A. (N. S.), 474; 96 N. E., 462; 149 U. S., 436; 104 Ill., 618. *"Excessive attorney's fee":* 114 S. E., 405; 94 S. C., 383. *Cases distinguished:* 111 S. C., 97; 133 S. E., 539.

*Messrs. John S. Bowman* and *M. E. Zeigler,* for respondents, cite: *Purchaser of mortgaged premises from mortgagor presumed to assume payment of the mortgage debt to mortgagee:* 118 S. E., 189; 126 S. E., 754; 95 S. E., 65. *Appellant assumed payment of mortgage debt here:* 111 S. C., 97; 133 S. E., 539.

January 13, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

These are three appeals in this cause by the defendant Dr. D. J. Hydrick. One is from the refusal of the Circuit Judge to open up a judgment and to permit the appellant to file exceptions to the master's report, after the expiration of the time allowed therefor; the second is from the same judgment, one for money and for foreclosure and sale; and, the third is from the order settling the case for appeal.

The first and second appeals, with most of the grounds thereof, may be disposed of together.

The record discloses the following undisputed facts: Mrs. Fair, one of the defendants, owned a large tract of land in Orangeburg and Calhoun Counties, which she mortgaged on March 12, 1918, to the plaintiff to secure a debt evidenced by her promissory note in the principal sum of $10,000; on May 20, 1919, Mrs. Fair, for the consideration of $12,300, stated in her deed, conveyed the greater part of the mortgaged lands to the defendant, Dr. Hydrick; the deed made no reference to the mortgage of the plaintiff. The mortgage debt not having been paid, according to the terms of the written instruments, plaintiff instituted suit on April 9, 1926, against both Mrs. Fair and Dr. Hydrick for the amount of the debt and for foreclosure of the mortgage; and the plaintiff alleged that payment of its mortgage debt, originally contracted by Mrs. Fair, had been assumed by Dr. Hydrick. Mrs. Fair agreed with the "assumption" contention of the plaintiff, and Dr. Hydrick disputed it.

The only issues between the parties, relevant to this appeal, are those of the alleged assumption of the mortgage debt by the defendant Hydrick, and the amount which should be charged up as an attorney's fee for the plaintiff's attorney.

The cause was referred to Hon. E. C. Mann, master, who, after hearing the testimony, submitted his report, dated September 13, 1926, in which he found that the defendant Hydrick did assume payment of the mortgage debt, and that a fee of $750 was proper for the services of the attorney for the plaintiff. *No exceptions were filed to this report within the required time.*

On October 4, 1926, in open Court, on motion of the plaintiff's attorney, with the consent of the attorney for Mrs. Fair, his Honor Judge J. Henry Johnson confirmed the report of the master, and entered his decree in accordance therewith, and ordered the sale of the mortgaged premises. W. C. Wolfe, Esq., one of the attorneys for the defendant Hydrick was in the Court when this decree was signed and made no objection thereto, although he declined to consent to the decree.

On October 6, 1926, the defendant Hydrick moved that the judgment of October 4th be opened up, and that he be permitted to file exceptions to the report of the Master. The Circuit Judge made his order refusing this motion, stating therein:

"   *   *   *   After having duly considered the motion papers and the entire record in the case, I am of the opinion that the showing made by the defendant D. J. Hydrick is insufficient, and that the judgment should not be opened up."

It has been held by this Court that:

1   "A motion to open a judgment and for leave to file exceptions to the Master's report is addressed to the discretion of the Court." Syllabus, *In re Bugg's Estate,* 71 S. C., 439; 51 S. E., 263.

In our opinion, before a motion of this nature should be granted, two things should appear to the Circuit Judge: First, that the failure to file the exceptions was due to some

good reason, and, second, that in the interest of justice the judgment should be opened up.

To ascertain if there was error on the part of the Circuit Judge, measured by the legal principles laid down above, it is necessary to review the reasons for the failure to file the exceptions in time and to examine into the evidence taken before the Master.

The appellant Hydrick was represented in the beginning of the suit by W. C. Wolfe, Esq., and John H. Hydrick, Esq. Attorney Hydrick was away from Orangeburg during most of the time while the litigation was pending, and Mr. Wolfe had charge of the case. From the affidavit filed by Mr. Wolfe, it appears that he was under the impression that the appellant did not desire exceptions to the report be filed, and, for that reason, he did not file any. While he has not expressly said so, we gather from the record that Judge Johnson was inclined to consider as good the excuse for failure to file the exceptions in time, and, accordingly, there is not much need to dwell further upon that phase of the case. The important question therefore concerns the justice of the cause as it appeared to the Circuit Judge, from the showing made before him.

In addition to the undisputed matters, referred to heretofore, the appellant depended upon his own testimony that he did not assume payment of the mortgage debt and a letter written to him on March 6, 1926, within about a month of the commencement of the action, by W. M. Fair, husband of the defendant Alma G. Fair. In that letter Mr. Fair made this statement:

"I beg to say there was at the time of this transfer a large mortgage on this property held by Jefferson Standard Life Insurance Company, which you in no wise agreed to assume, but the understanding was that you would take this

place over and see if you could work it out, and you bought only equity of redemption, if any."

On the part of the plaintiff and Mrs. Fair, Fair testified that he was not authorized by his wife to write the letter mentioned; that it was written hurriedly at the request of the appellant for the purpose of assisting the appellant to secure a settlement with the plaintiff; and that at the time the letter was written he did not have before him, and did not have in mind, certain papers relating to the land transaction of his wife and the appellant.

In addition to the statement of the witness Fair, there were offered in evidence a statement made up by the appellant and a number of letters which he wrote to the plaintiff. In the statement, there is set forth the sum of $12,300 (the consideration stated in the deed) from which is deducted certain amounts, including the sum of $10,355.10, stated to be the amount due by Mrs. Fair on the mortgage debt to the plaintiff. In this statement, there appears these words:

"To assumption of bond and mortgage of the Jefferson Standard Life Insurance Company of Greensboro, N. C., $10,355.10."

On May 27, 1919, the appellant wrote the plaintiff:

" * * * Of course, I figured on the basis of your mortgage outstanding against it. I would like to continue this loan and let you all carry it for me. I am worth in my own name, according to my last financial statement, over $190,000, conservatively estimated, and owe very little money, not over about $15,000. The estimate of the assets running about $215,000. So that my assuming the mortgage converts it at once into a gilt-edge loan, matters not what kind of conditions might develop from the boll weevil invasion or other developments. * * * If at any time you desire, I believe that I could easily raise the funds and take up the mortgage."

On June 12, 1919, in a letter, he used this language:

" * * * I wish to continue the loan and pay the installments when they become due, and would ask that you notify me instead of Mrs. A. G. Fair."

In his letter of November 15, 1919, he wrote this:

" * * * In any event, if you insist upon payment of the whole amount, please notify me when you mant the money and I will pay same."

Again, on August 7, 1923, he wrote as follows:

"Please send me papers to fill in to extend the loan in the Alma G. Fair mortgage. I will get them fixed up and return to you as soon as possible."

On August 15, 1923, he wrote this letter:

"In re loan No. 1764, and in reply to your letter of August 9th, would suggest as you state therein that you let this loan run along subject to call, and I will pay the interest as it becomes due. I think this is the best, and will be appreciated."

If the appellant did not assume, and did not intend to assume the payment of the mortgage debt, it was very unfortunate for him to make use of the language which he did use in making up his statement with Mrs. Fair and in writing the letters which he wrote to the plaintiff.

The appellant insists that the trial Judge did not thoroughly examine into the testimony in the case, and that he was influenced too much by a deed of the appellant to his wife, a certified copy of which was exhibited at the time of the hearing of the motion by the attorney for the plaintiff, and that it was incorrectly represented to the trial Judge that the appellant had conveyed all of his real estate to his wife with the intention of evading payment of the judgment in favor of the plaintiff. The appellant insists that he still owned considerable real estate, and that

the Judge should not have regarded, as it seems from the record he did very much regard, the deed he had made to Mrs. Hydrick.

There was no dispute before Judge Johnson as to the execution of the deed by the appellant to his wife, which was not recorded until September 29, 1926, after the Master had made his report, although the deed appears to have been executed on November 25, 1924. This deed, for the apparent nominal consideration of only $1,000, conveyed 3 lots in the City of Orangeburg, 1 lot in the town of North, and 5 tracts of land in Orangeburg County, aggregating over 2,100 acres. The appellant showed later by affidavit that, after the conveyance to his wife, he was still possessed of real estate to the value of $2,200.

There was no error in Judge Johnson considering the deed of appellant to his wife. This was a cause in equity. The appellant was asking the grace of the Court, on the ground that he had been unjustly dealt with. "He who comes into equity must come with clean hands." *He who is in equity should keep his hands clean.*

We are unable to find that the Circuit Judge abused his discretion in refusing the appellant's motion to open up the judgment.

4   Under the circumstances of this case, we do not think the fee allowed by the Court to the plaintiff's attorney was excessive.

Our holding as to the appeal from the refusal to open up the judgment renders unnecessary any further consideration of the appeal from the judgment.

It is also our opinion that there was no error on the part of the trial Judge in his order settling the case for appeal.

The judgment of this Court is that all the exceptions in all the appeals be overruled, and the judgment and orders

of the lower Court be and the same are hereby affirmed.

Mr. Chief Justice Watts, and Messrs. Justices Cothran, Stabler, and Carter, concur.