6837

WILLIAMS v. RICKEMBAKER.

MAGISTRATE—APPEAL—DEFAULT JUDGMENT.—Within five days after judgment by default magistrate may grant new trial. After that time defendant's only remedy is to move in Circuit Court to have judgment set aside or suspended and new trial ordered upon satisfactory excuse for default. Under facts here appellant has shown no ground for relief.

Before GARY, J., Colleton, July, 1907.    Affirmed.

Action by Ellick Williams against C. H. Rickembaker and W. G. Hiott. From order on Circuit refusing to disturb judgment by default given by J. E. Bryon, magistrate, defendants appeal.

*Messrs. J. C. Hoitt* and *J. S. Griffin,* for appellants.   *Mr. Hiott* cites: 19 S. C., 143; 27 S. C., 244; 46 S. C., 505; 64 S. C., 408; 65 S. C., 129.

*Messrs. Fishburne & Fishburne,* contra, cite:   46 S. C., 505; 19 S. C., 143; 27 S. C., 146; Code of Proc., 368, 195.

April 1, 1908.   The opinion of the Court was delivered by

Mr. Justice Woods.   The plaintiff recovered judgment by default in a magistrate's court against the defendant, Rickembaker, as maker, and the defendant, Hiott, as indorser on a promissory note for forty-seven dollars.   The defendant appealed on these grounds: "1. That the said magistrate was in error in waiting one week and more to write up his judgment in said cause and give defendant notice thereof.   2. That the said magistrate was in error in trying and determining the cause herein on a day of which the defendant had no notice whatever."

The Circuit Court affirmed the judgment of the magistrate.

Until the expiration of five days from the rendering of the judgment the magistrate has power to grant a new trial. After the expiration of that time the only remedy against a judgment by default in a magistrate's court is under Section 368 of the Code of Procedure, which provides:   "If the defendant failed to appear before the magistrate, and it is shown by the affidavits served by the appellant, or otherwise, that manifest injustice has been done, and he satisfactorily excuses his default, the Court may, in its discretion, set aside or suspend judgment, and order a new trial, before the same or any other magistrate in the same county, at such time and place, and on such terms, as the Court may deem proper."

The report of the magistrate shows judgment was entered by default, 5th March, 1907, and on motion of defendants a new trial was granted, and the 9th April was fixed as the

trial day. The defendants again made default. There was no showing before the Circuit Court by affidavit, or otherwise, that the defendants did not have notice of the day of the second trial, or that they had suffered any other injustice or had any excuse for their default. Hence there was no ground upon which the Circuit Court could set aside or suspend the judgment and order a new trial. *Doty* v. *Duvall,* 19 S. C., 149; *Lawrence* v. *Isear,* 27 S. C., 244, 3 S. E., 222; *Speer* v. *Meschine,* 46 S. C., 510, 24 S. E., 329.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.