RICHARDSON v. ATLANTIC COAST LINE R. R.

1. CHARGE not relevant to any issue in the case nor premised on any fact is not reversible error unless appellant show wherein he was prejudiced thereby.

2. IBID.—REQUEST.—A general statement of the law is not error in absence of a request to modify it in a certain particular.

3. RAILROADS—PASSENGERS—PUNITIVE DAMAGES.—Where a passenger buys a ticket to a station which the selling agent says is on main line and he will reach that night, and upon changing cars is shown

at passenger shed by a person in uniform a train for his destination, there being no other train to that station that night, but after train starts he is informed by conductor that it is a through train and does not stop at his destination, and is put off, without rudeness, only such force as was necessary being used, upon refusal to pay the additional fare to the next stopping point beyond, from which he could and did return to his destination the next morning in time for his engagements, is again received upon payment of the fare and carried to the station beyond, he is entitled to recover punitive damages for unlawful ejection.

MR. JUSTICE WOODS *dissents, because the conductor was not apprised of the special information on which the passenger acted.*

Before WATTS, J., Richland, July term, 1904.    Affirmed.

Action by E. L. Richardson against the Atlantic Coast Line Railroad.    From judgment for plaintiff, defendant appeals.

*Messrs. Barron & Ray,* for appellant.

*Messrs. George Johnstone* and *Frank G. Tompkins,* contra, cite: *Charge not on issue in case is not reversible error:* 54 S. C., 90; 55 S. C., 568; 45 S. C., 146; 51 S. C., 469; 44 S. C., 546.    *Punitive damages are allowed for invasion of private right:* 69 S. C., 110, 160; 35 S. C., 493.

April 18, 1905.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    The plaintiff brought this action against defendant company for an alleged unlawful and wilful ejection from its passenger train at Pee Dee, S. C., on the 26th day of September, 1903, which resulted in a verdict and judgment in favor of plaintiff for $875.    The defendant appeals on two grounds: One complaining of the instruction to the jury, and the other of the refusal to grant a new trial.

Appellant complains of the following charge to the jury: "I charge you further, as a matter of law, if you go down

to one of these railroad offices and buy a ticket and pay full fare for it and there is no time limit—the time you are to use that ticket is not limited; you may buy a straight ticket, pay full fare, with no time limit to it, you have the right to put that ticket in your pocket and use it whenever you see proper; but if you buy the ticket and board the train, you must take continuous passage, you cannot stop over on the ticket between two different points unless the ticket gives you that privilege. If you buy a straight ticket to a place, you need not use it immediately; but if you do commence to use it then, you must go on through; otherwise, if you drop off, you will have to pay again." It was alleged that this charge was erroneous. "(a) That in so far as it refers to making a continuous trip when starting, it was not relevant to any issue in the case, nor premised on any fact in the case, but it was misleading and calculated to prejudice the jury. (b) That where there is necessary changing of cars and conductors, the same ticket being used, the law does not require a continuous journey unless it is so stipulated on the ticket."

This exception cannot be sustained. If, as stated under specification (a), the charge was not relevant to any issue in the case nor premised on any fact in the case, it does not constitute reversible error, unless appellant could show wherein it was prejudiced thereby, and no such showing has been made. With reference to specification (b), it is sufficient in addition to say that appellant made no request that the Court modify its general statement of the law in the particular mentioned.

With reference to the refusal of the motion for a new trial, it is excepted: (1) that there was no evidence of actual damages beyond fifty cents; (2) that there was no evidence of a wilful tort such as to justify punitive damages for any sum. Punitive damages may be awarded for any intentional ejection of a person from a passenger train, no matter how slight the force used, if such ejection is unlawful. Such an act is not characterized by

inadvertence or negligence, but is a wilful invasion of a personal right.

The evidence on behalf of plaintiff was to the effect that he was a lawyer residing at Greenwood, S. C., and had business to transact at Latta, S. C.; that having reached Columbia, S. C., on his way, he there, on September 26th, 1903, purchased a straight ticket from Columbia, S. C., to Latta, S. C., paying full fare therefor; that the ticket had no conditions or limitations on it; that when the ticket was purchased, the ticket agent at Columbia, S. C., informed him that Latta was on the main line and that he would reach Latta that afternoon or evening; that plaintiff boarded defendant's train and went to Sumter, after changing cars there under instructions, went to Florence; at Florence plaintiff took a train which he was informed by one wearing a uniform and carrying a lantern, whom he took to be a servant of the defendant company, was the train for Latta, but which was in fact a through limited train that did not stop at Latta, but defendant was not aware of this and boarded the train, supposing it would stop at Latta.    This train was the next and only train due to pass Latta that night.    According to the company's regulation, this train did not stop to take on or let off passengers after leaving Florence until reaching Dillon, the next stop.    Latta is an intermediate station, seven miles from Dillon and eleven miles from Pee Dee, another intermediate point thirteen miles from Florence, where the fast train slacks up for registering slips.    When the conductor, after leaving Florence, came along for tickets or fare, the plaintiff presented his ticket for Latta, and was then informed that the train would not stop at Latta, but that plaintiff would be carried to Dillon upon payment of nineteen cents in addition to his ticket to Latta, otherwise he would have to be ejected. Plaintiff refused to make further payment and refused voluntarily to leave the train, and demanded to be put off at Latta. Thereupon he was ejected from the train at Pee Dee, with only such slight force as plaintiff's slight resistance rendered sufficient.    After ejection from the train, plaintiff immedi-

ately tendered fare to Dillon and was again received on board and carried to Dillon. The next morning, plaintiff took a local train to Latta in time to fill his business appointment. The actual damages by way of additional expenses did not exceed fifty cents. This afforded some evidence to be submitted to the jury on the question whether plaintiff's rights were wilfully violated. The real issue in the case was whether plaintiff's ejection was unlawful, for, if unlawful, there was sufficient evidence of wilfulness to warrant punitive damages. This issue depended upon the contested question of fact whether the defendant's agent at Columbia, S. C., sold plaintiff a ticket from Columbia,. S. C., under representation that plaintiff would be transported to Latta that night, and whether another agent of defendant at Florence informed plaintiff that the train he took was the train for Latta. This was submitted to the jury under instructions to which no exception has been taken. If plaintiff boarded defendant's train at Florence under these circumstances, and we must so assume from the verdict that he did, and it being undisputed that there was no other train to carry plaintiff to Latta that day, we are of the opinion that he was rightfully on board that train as a passenger for Latta and his ejection before reaching his destination was unlawful, as the rule of the company not to stop that particular train at Latta, whether reasonable or not, must be held subordinate to the right of the passenger on board under a contract made under circumstances implying that it would stop there. It was, therefore, no error of law to refuse a new trial on the ground that there was no evidence that the ejection was wilful or wanton so as to justify punitive damages.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Mr. Chief Justice Pope *and* Mr. Justice Gary *concur.*

Mr. Justice Woods, *dissenting,* Disregarding all testimony on behalf of the defendant, the plaintiff's case may be

thus stated: He purchased an ordinary ticket over defendant's road from Columbia to Latta, and took the afternoon train with the assurance of the Columbia ticket agent that he would be able to take another train at Florence and reach Latta that night. At Florence, he was told by "some one with a lantern, and with a uniform on," that the train he was about to take was the Latta train. When he presented his ticket on this train he was informed by the conductor that the train did not stop at Latta, and that he would have to pay nineteen cents additional fare to Dillon, a few miles beyond Latta, from which place he could return to Latta at an early hour the next morning. The plaintiff refused to pay the additional fare and demanded to be put off at Latta. The train was stopped at Pee Dee, and the following is plaintiff's own account of the conductor's action: "He came in and said: 'I am ready for you to get off'—that was at Pee Dee. I said, 'I don't want to raise any racket with you, I know your authority, you can put me off whether I am ready or not. I think I know how to protect my rights, I can't voluntarily go out;' he said, 'all right, where is your baggage?' I said, 'there;' the porter carried it out. He said, 'come ahead;' I said, 'I can't go voluntarily, I won't resist, all you have to do is to put your hand on my arm, I will follow you if you are determined to do it.' He put his hand on my arm and I walked out. I had Mr. Friday and Mr. Thomas to go to the door and see him refuse to take the money, he had said he would not take the money. I said, 'I rather pay you nineteen cents and go to Dillon than to stay at Pee Dee.' He said, 'I ought not to let you go, but I will.' I got on the train, paid him nineteen cents and went to Dillon rather than stay at Pee Dee."

The verdict was for $875. The defendant moved for a new trial on the ground that there was no proof to support a verdict for punitive damages, the actual damage claimed being only fifty cents.

The rule that railroad companies should be held to the strictest responsibility for any violation of the known rights

of a passenger, can hardly be stated too strongly, but in this case I am unable to see any ground whatever for the finding of punitive damages, and think a new trial should have been granted unless the plaintiff should remit all the recovery except fifty cents, the actual damages proved.

The defendant's evidence that the train which plaintiff took at Florence was a through train and had not for at least two years been scheduled to stop at Latta, was undisputed. The plaintiff's reliance, therefore, to show a known violation of his rights in refusing him passage on that train to Latta was the special representation of the ticket agent at Columbia and of the man in uniform at Florence that the train would let him off at Latta. When he asserted his right to go to Latta on that train, and was informed it did not stop there, common fairness and justice required that he should make known to the conductor his claim of a special contract or representation on the part of the defendant's agents, which would require the rule as to the running of the train fixed by the company for the guidance of the conductor to be suspended in his case, before he could recover a verdict for punitive damages. There is not the slightest evidence that the conductor had any notice of the special facts connected with the purchase of the ticket and with the presence of the plaintiff on that train. On the contrary, the plaintiff testified that he did not inform the conductor that he had been told that the train would stop at Latta. In each of the cases of *Myers* v. *Railway Co.,* 64 S. C., 514, 42 S. E., 598, and *Chiles* v. *Railway Co.,* 69 S. C., 327, the passenger made a full statement of all the peculiar circumstances, and the conductor acted at the peril of the company, because he had explicit notice of the passenger's special rights. Here this basis for the recovery of punitive damages is entirely lacking.

I think defendant's exception also to the following charge should be sustained: "I charge you further, as a matter of law, if you go down to one of these railroad offices and buy a ticket and pay full fare for it, and there is no time limit—

the time you are to use that ticket is not limited, you buy a straight ticket, pay full fare with no time limit to it, you have the right to put that ticket in your pocket and use it whenever you see proper; but if you buy the ticket and board the train you must make continuous passage, you cannot stop over on the ticket between two different points unless the ticket gives you that privilege. If you buy a straight ticket to a place you need not use it immediately, but if you do commence to use it, then you must go on through, otherwise if you drop off you will have to pay again."

While I am sure the learned Circuit Judge did not intend it should have such an effect, I do not see how this charge could fail to impress the jury that the plaintiff's ticket could not have been used from Florence to Latta if he had stopped over at Florence until the next morning for the regular train to Latta. The defendant was thus placed before the jury in the position of selling a straight ticket to Latta from Columbia, which would be of no value for the portion of the journey from Florence to Latta, unless they should find the company obliged to accept it on the night train which plaintiff took immediately after his arrival in Florence.

For these reasons I think there should be a new trial.