12717

JOHNSTON v. BAGGER

(149 S. E., 241)

538

*Mr. Edwin J. Blank,* for appellant,

*Messrs. James Allan,* and *F. W. Aley,* for respondent,

August 13, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This is a tort action, growing out of injuries received by Frances Johnston, a child five years of age, on a public street in the City of Charleston, from being struck by an automobile driven by the appellant. The trial in the Court of Common Pleas for Charleston County, with Hon. W. H. Townsend presiding, resulted in a verdict in favor of the plaintiff for $1,000 actual damages and $3,500 punitive damages.

The appellant comes to this Court on fifteen exceptions, many of which may be disposed of together.

The complaint, after alleging certain injuries received by the plaintiff, contained in addition a general statement that plaintiff, "was thus and otherwise injured." The defendant gave proper notice of a motion to require the pleading to be made more definite and certain by alleging in what particulars the plaintiff was "otherwise injured." The presiding Judge ordered the complaint amended by inserting the words "incurred large .medical expenses," in lieu of the words

"otherwise injured." In his first exception, the appellant complains that the action of the Court was an abuse of discretion, that the defendant was taken by surprise, and had no opportunity to meet with evidence the new matter set up, and that an improper element of damages was alleged, since in this action for injuries to the child the father of the child, who was appointed the guardian *ad litem* for this suit, could not recover in this action moneys expended by him for the child's benefit.

The amendment came as a result of the appellant's motion. The record does not disclose that he made any objection thereto, or that he asked for a continuance of the cause, or that he announced any surprise at the ruling of the Court. It is too late for him to complain now, and the exception is without merit.

Exceptions 2, 3, and 4 relate to the refusal of the presiding Judge to allow witnesses to answer certain questions asked of them by appellant's counsel. The question asked in practically the same form was this, "Did not Mr. Bagger (appellant) do everything he could to avoid hitting the little girl?" In one instance, the question was asked on cross examination of a witness for the respondent, and in other instances it was asked on direct examination of appellant's witnesses. All the witnesses who had seen the accident testified as to the facts thereof. The Judge properly ruled that the answers of the questions would only be opinion testimony.

One of the assignments of error as to the rulings made by the Court on the admissibility of the testimony in question is that the Court had formerly allowed a witness for the respondent to testify that, if the appellant had been paying proper attention and going at a moderate rate of speed, he could have stopped and avoided hitting the little girl; and the appellant urges that the testimony he sought to bring out was in reply to respondent's testimony. Perhaps the testimony adduced by the respondent was

incompetent, but the appellant cannot urge that now as reversible error, because he did not object to the testimony when it was offered.

The exceptions under consideration must be overruled.

The fifth, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth exceptions relate to the refusal of the presiding Judge to grant the appellant's motion for a directed verdict as to punitive damages, and the refusal to grant a new trial generally, and especially as to punitive damages. The evidence was entirely sufficient to sustain the rulings of the presiding Judge, and the exceptions named are overruled.

In his charge to the jury, Judge Townsend gave this instruction, "a violation of a State Statute or a city ordinance would be negligence as a matter of law." The appellant contends by his sixth exception that this was not an issue properly before the jury, as there was no allegation in the complaint setting up a violation of a State law or city ordinance, and no proof of such violation. It is true the complaint does not distinctly and explicitly allege a violation of a State law or an ordinance of the City of Charleston, but we think the allegations were entirely sufficient to justify the presiding Judge in charging the legal proposition complained of by the appellant. It was alleged in the complaint that the child was in a public street of the City of Charleston at the time the accident occurred, that the appellant failed to keep proper lookout for pedestrians lawfully engaged in crossing the street; that he was operating his motor vehicle at a high and dangerous rate of speed on one of the city streets; and that his automobile at the time was on the wrong side of the street. There was some proof to sustain the allegations of the complaint.

In addition, in his charge, Judge Townsend made the statement, without any objection on the part of any counsel engaged in the case, that it was admitted that under an ordinance of the City of Charleston one driving an automo-

bile is allowed to operate on Thomas Street (where the accident occurred) at a speed up to 20 miles per hour, provided such speed is not as a matter of fact greater than is reasonable and proper at the time and place, having regard to the traffic and the use of the highway and its condition, and does not endanger the life, limb, or property of any person. This statement would indicate that, even if the ordinance of the city had not been introduced in evidence the counsel for the parties had agreed in open Court as to the terms of the ordinance. If this agreement had not been made, counsel for the appellant should have called the attention of the Court to the matter. The charge complained of was a correct statement of the law, and proper to be given, in our opinion.

The seventh exception imputes error to the trial Judge in charging the jury as follows:

"In estimating such actual damages, you can take into consideration, any and all obligations for expenses necessarily incurred, for and on behalf of the plaintiff, for medical or surgical attendance or treatment, in attempting to cure or relieve the said injuries, if proximately caused by the negligence of the defendant, specified in the complaint."

The error assigned to the given instruction is that the jury were permitted to consider as an element of damages sums of money paid out by the father of the infant. To support the appellant's position, there is cited the case of *Tucker v. Buffalo Mills*, 76 S. C., 542, 57 S. E., 626, 121 Am. St. Rep., 957.

Under the authority of the *Tucker case*, we think the Judge fell into a slight error. The evidence in this case showed that the father had paid $10 on the hospital expenses of the child, and $35 for the nurses' bill, making a total actually paid by him of $45. The father testified that all the bills for the child's treatment amounted to approximately $1,000, but that he had not been able to pay these bills, and we gather from the testimony that in all likelihood he never will be able to make the payments. Under the authority of

the *Tucker case,* the proper thing for this Court to do is to reduce the verdict for actual damages in the amount of $45 by granting a new trial *nisi.*

It is the judgment of this Court that the judgment below be reversed, unless the respondent remits on the judgment obtained in this cause as to actual damages the sum of $45 within ten days from the filing of the remittitur in this cause with the Clerk of Court for Charleston County; and, if the said remission is made, that the judgment in all other respects be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTH-RAN, STABLER, and CARTER concur.