13181

SOUTHERN, BY GUARDIAN, v. CUDAHY PACKING CO.

(159 S. E., 32)

September, 1930.

Mr. C. Granville Wyche, for appellant,

Messrs. J. Robt. Martin and Benj. A. Bolt, for respondent,

June 16, 1931.

The opinion of the Court was delivered by Mr. Justice Stabler.

This is an action for damages for personal injuries.

The complaint alleges, in substance, that the defendant is a foreign corporation, with a place of business in the City of Greenville, and is engaged in delivering meats by means of large high-powered trucks; that on November 1, 1929, one of its trucks, being driven along a highway near the City of Greenville, struck the plaintiff, a child less than six years of age, inflicting upon her serious and permanent injuries; that such injuries were caused by the negligent and reckless acts of the defendant, its agent and servant, in driving the truck, in a densely populated section, at a high and reckless rate of speed; in not having the machine under proper control; in failing to give notice or warning of its approach; in failing to take proper precaution, after seeing the child, to prevent striking her; and in swerving the truck

out of the highway onto the plaintiff after she had crossed same.

The defendant interposed a general denial, and pleaded the further defense: "That the injuries and damages complained of in the complaint were caused by plaintiff suddenly darting out in front of defendant's automobile without any warning or notice to the driver and in such a sudden manner that the defendant did not have opportunity or time within which to stop the automobile and avoid striking the child, and said injuries and damages were due to an unavoidable accident."

The jury found for the plaintiff $2,200.00 actual, and $300.00 punitive, damages, and the defendant appeals.

The Court gave the following instructions to the jury: "Where a person is suddenly confronted with a dangerous situation, where he is not in fault in bringing about that situation, he must do his best to avoid harming any one, but in coming to that conclusion it is not an afterthought, that is to say it is not like looking at the situation when no peril exists and having time to figure it out that a man could figure it out and see by which it could be avoided, but you must take into consideration the time, the emergency and the need of quick decision. A person though who brings about that trouble by his own conduct, brings about the perilous situation through his own negligence would not avoid liability for injury on the ground that his act was done in stress of emergency, but if he didn't bring about the perilous situation, then his acts under stress of emergency, as I stated to you, would not be held as strictly accountable as if an emergency or perilous situation had not existed."

The appellant complains that this charge was error, as the Court was here instructing the jury as to the law of sudden emergency and should have charged that, "if the defendant was confronted with a sudden peril through no fault of his own and was compelled to act one way or the other and he acted as a man of ordinary reason and prudence, he would

not be held responsible in damages." The theory of the defense was that the collision was an unavoidable accident caused by the plaintiff's suddenly darting out from behind another automobile, which, in turn, caused defendant to swerve suddenly to the right in an effort to avoid striking her, and that, under such circumstances, the plaintiff was not entitled to recover damages. Respondent's position is that the law of sudden emergency was not applicable in this case, because the evidence showed that the driver of the truck, an agent of the defendant, created the emergency and brought about the perilous situation. We do not agree with this position. The evidence as to the creation of the emergency was in sharp conflict, making a question of fact for the jury under proper instructions. Neither do we agree with appellant. In his general charge, the Court told the jury that, in reaching a decision, they should take into consideration all the conditions and circumstances of the accident, using as a standard, in determining whether due care had been exercised, that degree of care which a person of ordinary reason and prudence would have used under the same circumstances. In addition, the following requests of the appellant were charged:

"(1) I charge you that the burden is upon the plaintiff in this case to prove to your satisfaction by the greater weight of evidence, that the alleged injuries to plaintiff were not caused by an unavoidable accident. In other words, the plaintiff must prove by the preponderance of the evidence that it was not an accident before you can give a verdict in favor of plaintiff.

"(2) I charge you that the burden is upon the plaintiff to prove by the greater weight of the evidence that the collision between the automobile and herself was not an accident, but was due to the negligence of the defendant or his agent and servant. If the evidence does not so satisfy you you should find a verdict for the defendant."

These instructions were clearly favorable to the defend-

ant, as the plaintiff was required to prove only the material allegations of her complaint. *Crouch v. Cudd,* 158 S. C., 1, 155 S. E., 136. When the charge is considered as a whole, there was no error.

In instructing the jury as to damages, the Court said: "It takes into consideration in this case no property, because no property is damaged, it is for personal injury, that is, injury to the person, and that includes the suffering that it has caused, the disfigurement, the injury to the body or to the mind, the time to be lost, the amount of the hurt or of the suffering or the inconvenience during the time as well as the expenses for care and treatment."

Appellant contends that the plaintiff, being a child under seven years of age, could not recover for lost time, as that is not an element of damages under such circumstances; and, further, that damages for time lost can be recovered only where it is shown that plaintiff has suffered loss of earnings, and there was no evidence of such loss.

While the instruction as to loss of time as an element of damages was error in this case, the exception raising the question cannot be sustained. The Court, immediately after making the charge complained of, corrected the error by restating to the jury the elements of damages which they might consider in making up their verdict, if they should find for the plaintiff, and omitted loss of time as such element. Further, for the serious injuries sustained, the verdict was not excessive when viewed in the light of those elements of damages proper to be considered by the jury under the evidence, from which it is inferred that the jury, presumably composed of intelligent men, considered only those elements supported by the testimony. See *Levan v. Railroad Co.,* 86 S. C., 514, 68 S. E., 770. Under no view of the case, was there prejudicial error as complained of.

The appellant also complains of error in the refusal of the Court to permit plaintiff's witness, John Quinn, to be asked, on cross examination, the fol-

lowing question: "Q. Just to refresh your mind I will ask you if you didn't make this statement: That on or about November 1st, around 5:15 I was in front of my gas station on Buncombe Street putting gas in a car and saw a truck pass towards town and looked around just in time to see a child run in the side and also saw truck stop in less than ten feet of the child. It did not run over her, the truck's speed being, I judge, around twenty miles per hour, the two children had just passed by my place and went to cross the street from the east to the west side, the darkie operating on his side of the road, and did all he could to prevent the accident—"

Counsel for respondent, at this point, objected to the question, under the authority of *Johnston v. Bagger,* 151 S. C., 537, 149 S. E., 241, on the ground that the answer necessarily involved the opinion of the witness. The Court sustained the objection so far as the giving of opinion evidence was concerned, but stated that he would allow counsel to examine the witness with respect to anything else covered by the question. Counsel then proceeded to ask such questions as he thought proper under the Court's ruling, and they were answered without objection. In the same connection he again asked the witness whether he saw anything that the driver of the truck could have done to prevent coming in contact with the child. This was objected to by counsel for respondent upon the same ground, but the Court, for the reason that one witness had already given his opinion, to the effect that by going to the left instead of to the right the driver could have avoided hitting the child, overruled the objection, and directed the witness to answer the question, which he did as follows: "Well, to my opinion, best of my knowledge, he done the best thing he could have done when he turned off, if he had turned to the left it looks reasonable to me he would have struck the child in the face; that is the way it looked to me; I think he done the best he could to turn to the right."

The driver of the truck was also allowed to testify to the same effect. The appellant has no ground for complaint. The rulings of the Court were as favorable to it as it could expect or demand.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, CARTER and BONHAM concur.