## 20184

Catherine Ann PRIEST, by her Guardian *ad Litem,* Ted Priest, Appellant, v. Lorena D. SCOTT, Respondent.

(223 S. E. (2d) 36)

*Edward V. Atkinson, Esq.,* of Sumter, *for Appellant,*

*Messrs. Weinberg, Bryan, Warner & Brown,* of Sumter, *for Respondent,*

*Edward V. Atkinson, Esq.,* of Sumter, *for Appellant, in Reply.*

March 10, 1976.

RHODES, Justice.

This is an automobile-child pedestrian accident case which resulted in a jury verdict for the motorist. The child pedestrian contends she is entitled to a new trial based on alleged errors in the jury charge. We disagree and affirm.

The only issue raised by the exceptions is whether the jury was properly instructed on the standard of conduct required of a motorist upon observing a child pedestrian on a roadway.

Catherine Ann Priest, a minor eight years of age, was injured when she was struck by an automobile in a residential area of the City of Sumter. The accident occurred a few minutes after a school bus had deposited Priest and several other children on a street corner near the Priest home.

This action was instituted by the minor's guardian ad litem against Lorena Scott, the driver and respondent, for personal injuries sustained by Priest and allegedly caused by the negligence of Scott. Scott denied she was negligent and charged that Priest was guilty of contributory negligence. The case was tried before a jury on January 9, 1975, and resulted in a verdict for Scott.

At the trial, Scott testified Priest was walking in the middle of the road and suddenly ran into the path of her vehicle as she was passing by her. Priest, on the other hand, testified she was walking on the right hand shoulder of the road. Priest suffered a broken leg and some minor injuries as a result of the accident.

In South Carolina, the standard of conduct required of a motorist upon observing a child pedestrian on a roadway is found in S. C. Code § 46-442 (1962) as follows:

"Notwithstanding the provisions of this article *every driver of a vehicle* shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and *shall exercise proper precaution upon observing any child* or any confused or incapacitated person *upon a roadway.*" (Emphasis added.)

Under the facts in the instant case, the trial judge properly charged the jury with this statute. Priest contends the jury

charge failed to fully instruct the jury on the meaning of § 46-442 and, instead, lessened the degree of care required by the statute.

In the present case, the trial judge charged the jury, in addition to § 46-442, that "a driver must be on the alert for unpredictable acts of children." Priest charges the trial judge with error in refusing to further charge the jury that a motorist should know that these unpredictable characteristics are well known, and a great or high degree of care or caution is required of the motorist when approaching children on or near the highway. We are of the opinion that the substance of the request was fairly covered in the general charge given and find no error. *Reid v. Swindler*, 249 S. C. 483, 154 S. E. (2d) 910 (1967).

Additionally, Priest charges the trial judge with error in charging the jury as follows:

"All motorists owe a duty to sound the horn so that the pedestrian unaware of vehicle's approach may have timely warning and if [the] pedestrian appears to be oblivious of vehicle's nearness and speed, ordinary care requires a motorist to blow a horn, slow down and stop, if necessary, to avoid injuring the pedestrian; but the case must be considered according to all the facts and circumstances surrounding, judging the station of the, and the ability of the minor, of the child between the ages of seven and fourteen."

Generally, an alleged error in a portion of a charge must be considered in light of the whole charge, and must be prejudicial to the appellant to warrant a new trial. *Smith v. Winningham*, 252 S. C. 462, 166 S. E. (2d) 825 (1969). In reading the charge in its entirety, we do not think the above-quoted portion of the charge was erroneous, and in any event, was not prejudicial to Priest.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.