20302

The CITIZENS AND SOUTHERN NATIONAL BANK OF SOUTH CAROLINA (COLUMBIA BRANCH), Executor of the Estate of William H. Corbett, Respondent, v. Thomas R. CORBETT and William Hugh Corbett, Appellants.

(230 S. E. (2d) 216)

506

*Messrs. R. K. Wise, A. Birge Wise, and Kirby D. Shealy, Jr.,* of Columbia, *for Appellants,*

*Michael H. Quinn, Esq.,* of Columbia, *for Respondent,*

Nov. 9, 1976.

Ness, Justice:

This is an action contesting the validity of a will on the ground of testamentary incapacity. Appellants are two adopted sons of the deceased who received bequests of $100.00 each under the will. The case was tried before a jury, *de novo,* and the will was validated.

The first question presented relates to the exclusion of evidence regarding the mental capacity of the testator. The trial judge refused to admit evidence which occurred more than ten years prior to the execution of the will on December 31, 1968, finding such matters too remote to have probative evidentiary value. Admissibility of evidence relating to the mental capacity of a testator to execute a will is within the sound discretion of the trial judge. *In re Washington's Estate,* 212 S. C. 379, 46 S. E. (2d) 287 (1948); 94 C. J. S. Wills § 50.

The appellants attempted to prove that the testator suffered from a mental disorder allegedly due to an alcohol and drug problem. Ample evidence of the testator's aberrant behavior including his severe alcoholic problem, sanitarium confinements, physical attacks on one wife, shooting another wife, and his ultimate suicide was presented

to the jury. Appellants assert that the excluded evidence would have provided "further" testimony demonstrating the progression of the disease and the duration of the alleged alcohol and drug addiction. It is evident that any excluded evidence was purely supplemental. The ruling did not prejudice the appellants and did not constitute an abuse of discretion.

Appellants next assert that the evidentiary ruling was prejudicial because it was made in the presence of the jury. We conclude from the record that the trial judge did nothing more than make a legal ruling as to the admissibility of certain evidence. *Levan v. Atlantic Coast Line R. R. Company,* 86 S. C. 514, 517, 68 S. E. 770 (1910) ; 88 C. J. S. Trial § 50, page 133.

The final two exceptions assert error relating to the charges to the jury. The trial judge used the terms "sanity, insanity, and intelligence" when instructing the jury. It is clear, when the charge is considered in its entirety, the terms were used in their general sense and there was no prejudice to the appellants. *Priest v. Scott,* 266 S. C. 321, 223 S. E. (2d) 36 (1976). The trial judge properly refused the requested charge as its substance had been satisfactorily covered in the general instructions.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.