0648

Beaman Charles SMITH, Respondent v. Melvin Lloyd SMITH, Grace Smith Coker, Margaret Smith Hayes, Catherine Smith Orban, Alfred Lee Smith and Marvin L. Smith, Respondents, of whom Margaret Smith Hayes is the Appellant. Appeal of Margaret Smith HAYES.

(341 S. E. (2d) 804)

Court of Appeals

*David D. Armstrong,* Greenville, *for appellant.*

*John M. Rollins,* Greer, *for respondent.*

Heard Jan. 22, 1986.

Decided March 11, 1986.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court affirming an order of the Greenville County Probate Court which admitted to probate the will of Sadie H. Smith, deceased. We affirm.

Respondent Beaman Charles Smith, a son of Mrs. Smith and the named executor of her estate, petitioned the Probate Court to prove her will in solemn form.

Appellant Margaret Smith Hayes, a daughter of Mrs. Smith and a sister of Mr. Smith, answered alleging Mrs. Smith lacked testamentary capacity at the time she executed the will, and the will was the result of undue influence perpetrated upon her by Mr. Smith.

The case was tried before the Probate Court. After the trial was over, Mrs. Hayes made a motion to have the trial reopened to permit cross-examination of one of her own witnesses.

The Probate Court issued its order denying Mrs. Hayes' motion and granting Mr. Smith's petition to have the will admitted to probate.

Mrs. Hayes appealed to the Circuit Court. By agreement of both parties, the case was heard by the Circuit Court without a jury on the record of the Probate Court. The Circuit Court issued its order affirming the order of the Probate Court.

Mrs. Hayes' first two exceptions on appeal assert that the order of the Circuit Court should be reversed because the Circuit and Probate Courts erred in finding Mrs. Smith had testamentary capacity, and the will was not the result of undue influence.

It is well settled that an appeal from a Probate Court to the Circuit Court contesting the validity of a will is a case at law, rather than in equity. *See, e.g., Campbell v. Christian,* 235 S. C. 102, 110 S. E. (2d) 1 (1959).

It is equally well settled that, on appeal from an order of the Circuit Court in a case at law, tried by a judge without a jury, we cannot weigh the evidence to determine its preponderance but may only determine whether there is any evidence which reasonably supports the findings of the Circuit Court. *See, e.g., Southeastern PVC Pipe v. Rothrock Construction Co.,* 280 S. C. 498, 313 S. E. (2d) 50 (Ct. App. 1984). This is exactly the same standard of review which applies on appeal from a jury verdict. *See, e.g., Elders v. Parker,* 286 S. C. 228, 332 S. E. (2d) 563 (Ct. App. 1985) (on appeal from a jury verdict, review is limited to determining if there is any evidence which reasonably tends to support the verdict).

The record in the instant case obviously contains some evidence which supports the findings of the Circuit Court. For example, a witness to the will testified Mrs. Smith understood it and her husband testified she signed it of her own free will. The fact that the record may also contain evidence which would support contrary findings is of no consequence since we cannot weigh the evidence to determine its preponderance.[1]

Mrs. Hayes' third and final exception relates to the denial of her motion to reopen the trial. We do not address this exception because she does not argue in her brief any reason why the denial of her motion was error. *See Nelson v. Merritt,* 281 S. C. 126, 314 S. E. (2d) 840 (Ct. App. 1984) (a failure to argue an exception in the brief constitutes an abandonment of it).

Accordingly, the order of the Circuit Court is

Affirmed.

GARDNER, and BELL, JJ., concur.

---

[1] In the appeal of several recent cases contesting the validity of the wills, lawyers have based their arguments for reversal on the contention that the findings of the Circuit Court were not supported by a "preponderance of the evidence." We hope this opinion will make it crystal clear that we cannot apply this standard of review in these cases.