### 1517

James Donald FINLEY, individually and as Executor of Norma F. Gravely Estate, Deceased, Appellant v. John S. GRAVELY and East Pickens Baptist Church, Respondents.

(394 S.E. (2d) 847)

Court of Appeals

*R. Murray Hughes*, Pickens, *for appellant.*

*Christopher G. Olson*, and *H. Morris Cox, Jr.*, Clemson, *for respondents.*

Heard May 14, 1990.

Decided June 18, 1990.

SANDERS, Chief Judge:

Norma F. Gravely died after having executed a will purporting to leave ten percent of her estate to respondent East Pickens Baptist Church and ninety percent to her brother, appellant James Donald Finley, whom she also named as Executor. Respondent John S. Gravely, her only son, required proof of the Will in solemn form. On his motion, the case was transferred from Probate Court to the Court of Common Pleas for a jury trial. The jury determined that Mrs. Gravely lacked testamentary capacity. Mr. Finley appeals. (The Church took no active role in the proceedings and has not participated in the appeal.) We affirm.

In a case involving the validity of a Will, we cannot weigh the evidence but may only determine whether there is any evidence which reasonably supports the judgment of the Circuit Court. *Smith v. Smith*, 288 S.C. 258, 341 S.E. (2d) 804 (Ct. App. 1986). Thus, the dispositive issue on appeal is whether there is any evidence which reasonably supports the finding that Mrs. Gravely lacked testamentary capacity. Her capacity "is tested by whether [she] (1) knew [her] estate, (2) the objects of [her] affections, and (3) to

whom [she] wished to give [her] property." *Hellams v. Ross,* 268 S.C. 284, 288, 233 S.E. (2d) 98, 100 (1977).

At the time Mrs. Gravely executed the Will, she was receiving Social Security benefits as a result of having been determined to be suffering from "severe mental and emotional impairment." One witness testified that, at about the time she executed the Will, "she lived in a fantasy." The same witness testified that she "was not of sound mind." Another witness testified similarly. Other witnesses testified that, at about the time Mrs. Gravely executed the Will, she told bizarre stories about certain family members. The testimony of these witnesses constitutes at least some evidence reasonably supporting the finding that she lacked testamentary capacity.

Mr. Finley argues the trial judge erred in admitting the testimony of a certain witness regarding a conversation she had with Mrs. Gravely on the day she died. The witness testified:

> She called me that afternoon about five. She was a-crying and I said, "Norma, what's wrong?" She kept crying and I said, "You'll have to hush. I can't hear what you're saying." She said, "I want you to tell Steve something." I said, "You can't call Steve?" She said, "I've done him so bad." And she kept on and kept on and I said, "Norma Lee, calm down now." I usually could calm her down, you know, and she said, "Will you tell Steve this?" And I said, "Yes." And I said, "Quit—," she says, "Tell Steve to get him a lawyer." Said, "I know my mind's not right." Said, "Steve needs a lawyer." And I said, "I hope you ain't done what I think you have" and she said, "Well, I have."

It is undisputed that Mrs. Gravely referred to her son as "Steve."

Mrs. Gravely died a year and twenty days after the Will was executed. Mr. Finley objected to the testimony of the conversation "based upon remoteness." He does not argue any other ground for its exclusion from evidence. A number of competing inferences are possible from the testimony. Among these, is the inference that, when Mrs. Gravely said her son should get a lawyer, she was expressing the realization that she had not been in her right mind when she exe-

cuted the Will. Under this view of the testimony, the statement by Mrs. Gravely would not be remote. "Admissibility of evidence relating to the mental capacity of a testator to execute a will is within the sound discretion of the trial judge." *Citizens and Southern Nat'l Bank of S.C. v. Corbett,* 267 S.C. 505, 507, 230 S.E. (2d) 216, 216 (1976). We find no abuse of discretion under the circumstances.

For these reasons, the judgment of the Circuit Court is

Affirmed.

GARDNER and CURETON, JJ., concur.