23816

Milford D. KELLY, Appellant v. PARA-CHEM SOUTHERN, INC., John W. Jordan, III, Frank Dennis and James Kerr, of whom Para-Chem Southern, Inc., is Respondent.

(428 S.E. (2d) 703)

Supreme Court

*J. Kendall Few* and *John C. Few*, Greenville, *for appellant.*

*L. Gray Geddie, Jr., Eric C. Schweitzer* and *Ronald E. Cardwell,* all of *Ogletree, Deakins, Nash, Smoak & Stewart,* Greenville, *for respondent.*

Heard Jan. 6, 1993.

Decided March 15, 1993.

CHANDLER, Justice:

In this action for trespass through groundwater contamination, Milford Kelly (Kelly) received a $14,000 jury verdict; he appeals, alleging (1) inadequacy of the verdict and (2) errors in the jury charge.

We affirm.

## FACTS

Kelly owned a 330-acre tract of land in Greenville County adjacent to property of Respondent, Para-Chem, Inc. (Para-Chem). In 1988, he sued Para-Chem in Federal District Court, alleging (1) negligence, (2) trespass through groundwater contamination, and (3) nuisance. At trial in September, 1988, Para-Chem's expert witnesses testified that the groundwater beneath Kelly's property was not contaminated. The jury returned a $200,000 verdict solely on the cause of action for nuisance.

When, subsequent to the verdict in the Federal Court suit, contamination was discovered on his property, Kelly commenced this action in Circuit Court. He alleged negligence, strict liability and a trespass occurring after conclusion of the Federal suit. Para-Chem's motion for summary judgment on the ground of *res judicata* was granted on the negligence and strict liability causes of action. From a trial based solely upon trespass, the jury returned a $14,000 verdict. Kelly's motion for judgment notwithstanding the verdict (JNOV) on the ground of the verdict's inadequacy was denied.

## ISSUES

1. Was Kelly entitled to a jury instruction that no trespass occurred prior to September 15, 1988?[1]
2. Was Kelly entitled to a jury instruction that "if as a proximate result of the trespass, the plaintiff loses the property all together that, in that case, the plaintiff is entitled to recovery for the entire value of the property"?

---

[1] The date of the jury verdict in the Federal Court suit.

3. Was the jury's $14,000 verdict so grossly inadequate as to require a new trial?

## DISCUSSION

### I. *Pre-1988 Trespass*

In the 1988 Federal Court trial, Para-Chem's expert witness, Nichols, testified that Kelly's property was not contaminated. However, when called as Kelly's witness in the 1990 State Court trial, he testified that the property was, in fact, contaminated at the time of the Federal Court suit. When asked by Kelly's counsel to explain the apparent contradiction, Nichols testified "we have gathered an awful lot more information since that first trial. . . . Based on that new information, I would conclude that the property was contaminated in September of 1988."

Additional evidence that the property was contaminated in September, 1988 was presented by Kelly's own expert who reiterated the opinion he had rendered in the Federal trial, to wit, that the property was contaminated.

Notwithstanding the foregoing, Kelly requested a jury charge that, as a matter of law, no contamination of his property existed prior to September 15, 1988. Inasmuch as Kelly himself had adduced evidence of contamination prior to that date, trial judge refused his request. He did, however, charge as follows:

> . . . you may not consider any evidence of damages which may have occurred before termination of prior litigation between these parties which is September 15, 1988, or after Plaintiff no longer owned his property, which is May 7, 1990.

In the course of its deliberations, the jury submitted the following question to the trial judge: "If the land was contaminated prior to 1988, what bearing does that have on this case?" In response the judge charged:

> I do charge you, however, ladies and gentlemen, that the issue in this case is whether or not a trespass occurred after September 15, 1988. In this connection, the plaintiff must prove damages to his property occurring after September

15, 1988, and before May 7, 1990, as a result of a trespass occurring after September 15, 1988. However, if the plaintiff has proved an act occurring before that date, which set in motion a trespass which did not occur until after that date, he has met his burden.

Kelly now asserts error in trial court's refusal to charge, specifically, that no contamination existed prior to September 15, 1988. We disagree.

"Where a party voluntarily opens an investigation of matters which he might claim to be precluded by a prior judgment, he is held to have waived his right to assert the benefit of the former adjudication and the case will be determined without regard therefor." *Township of Teaneck v. Block 427, Lots 9-10, Etc.*, 19 N.J. 386, 392, 117 A. (2d) 465, 469 (1955). *See also* 50 C.J.S. *Judgments* § 597 (1947).

The jury was property instructed by the trial charge.

## II. *Damages Charge*

Kelly next asserts error in trial court's refusal to charge that "if as a proximate result of the trespass the plaintiff loses the property altogether that, in that case, the plaintiff is entitled to recover the full value of the property."

Trial court did charge that Kelly was entitled to recover "all damages which were naturally the proximate consequence of the alleged trespass." When viewed in its entirety, the charge correctly advised the jury of the damages recoverable. *Priest v. Scott*, 266 S.C. 321, 223 S.E. (2d) 36 (1976).

## III. *Inadequacy of Verdict*

Finally, Kelly asserts that the jury's $14,000 verdict is so grossly inadequate as to require a new trial. We disagree.

The test to determine whether a verdict is inadequate is whether it is so shockingly inadequate as to manifestly show that the jury was actuated by considerations not founded upon the evidence. *Toole v. Toole*, 260 S.C. 235, 195 S.E. (2d) 389 (1973).

Here, the record contains competent evidence to support the jury's verdict for damages. Para-Chem's appraiser testi-

fied that, in his opinion, based upon the number of acres of contaminated property, including a buffer zone, Kelly's total damages were between $12,500 and $15,800.

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.