**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Chad Nelson Strickland, Appellant.

Appellate Case No. 2015-001192

———————————

Appeal From Marion County
D. Craig Brown, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-243
Submitted May 1, 2018 – Filed June 13, 2018

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Aleksey*, 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000) ("The standard for review of an ambiguous jury instruction is whether there is a

reasonable likelihood that the jury applied the challenged instruction in a way that violates the Constitution."); *State v. Simmons*, 384 S.C. 145, 178, 682 S.E.2d 19, 36 (Ct. App. 2009) ("In reviewing jury charges for error, this [c]ourt must consider the [trial] court's jury charge as a whole in light of the evidence and issues presented at trial."); *State v. Curry*, 406 S.C. 364, 373, 752 S.E.2d 263, 267 (2013) ("Generally, an alleged error in a portion of a charge must be considered in light of the whole charge, and must be prejudicial to the appellant to warrant a new trial." (quoting *Priest v. Scott*, 266 S.C. 321, 324, 223 S.E.2d 36, 38 (1976))); *Aleksey*, 343 S.C. at 27, 538 S.E.2d at 251 ("[I]f as a whole [the instructions] are free from error, any isolated portions [that] may be misleading do not constitute reversible error."); *State v. Beaty*, Op. No. 27693 (S.C. Sup. Ct. refiled Apr. 25, 2018) (Shearouse Adv. Sh. No. 17 at 16-17) ("[T]rial [courts] should refrain from informing the jury, whether through comments or . . . a charge on the law, that its role is to search for the truth, or to find the true facts, or to render a just verdict . . . .  We instruct trial [courts] to avoid *these terms and any others* that may divert the jury from its obligation . . . to determine whether the State has prove[d] the defendant's guilt beyond a reasonable doubt.  Although there was error here, our review of the entirety of the [trial court's] opening comments and the . . . record convinces us that [the] [a]ppellant has not shown prejudice . . . sufficient to warrant reversal." (emphasis added)); *Aleksey*, 343 S.C. at 29, 538 S.E.2d at 252-53 (holding "the instruction as a whole properly conveyed the law" and there was no "reasonable likelihood the jury applied the . . . instructions to convict . . . on less than proof beyond a reasonable doubt" because the language was not in the circumstantial evidence or reasonable doubt charge and was "prefaced by a full instruction on reasonable doubt and followed by an additional exhortation to bear in mind the State's heavy burden of proof"); *State v. Needs*, 333 S.C. 134, 151-54, 508 S.E.2d 857, 866-67 (1998), *holding modified on other grounds by State v. Cherry*, 361 S.C. 588, 606 S.E.2d 475 (2004) (finding erroneous the court's circumstantial evidence charge to "seek some other rational or logical explanation other than the guilt of the accused" but holding the error was harmless because the court instructed "twenty-six other times throughout [the] charge that the State ha[d] the burden of proving a defendant guilty beyond a reasonable doubt").

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.